Cruikshanks v. Wilmer & Wilson.

CASE 5—PETITION EQUITY—MARCH 12.

# Cruikshanks v. Wilmer & Wilson.

APPEAL FROM CAMPBELL CHANCERY COURT.

1. WATERS—RIPARIAN RIGHTS—ACCRETION.—The owner of land front-
ing on a river is entitled to the land gained by accretion as an incident
to his original title and not as a distinct estate; and any mortgage or
other conveyance of the owner's estate described in the terms of the
original title includes the accretions.

2. WHERE A RIVER IS ONE OF THE LINES OF A TRACT OF LAND the owner's
title extends by construction of law to the middle of the stream; and
if the low-water mark is altered, either by the recession or encroach-
ment of the river, the owner's line must be fixed in the middle of the
river from the low-water mark, as thus altered.

Whether this general rule of law applies to land in this State
bounded by the Ohio river, so as to extend the owner's title only to the
middle of the stream, and not to low-water mark on the other side of
the river, is an open question not necessary to be decided in this case.

COLLINS & FENLEY FOR APPELLANT.

1. The reclaimed land is "accretion" under the common law and belongs
to the person holding the legal title when it was formed. (Berry v.
Snyder, 3 Bush, 277; Miller v. Hepburn, 8 Bush, 326.) But it does
not pass by a deed conveying the original tract by the metes and
bounds by which it was formerly conveyed, unless the addition is so
inconsiderable as to be presumed to pass, which is not the case where a ·
quantity of forty acres, equal to at least one-fourth the tract, is added.

2. Whether the added land is included is a question of intention, to be
gathered from all the circumstances. (Child v. Starr, 4 Hill, 375;
Stevens v. Freeman, 6 Mass., 435; Bradley v. Rice, 13 Minn., 198;
McCormick Case, 13 Me., 198; Bradford v. Cressey, 45 Me., 9.)

3. "Accretions" will not follow a mortgage. It only follows the legal title,
and a mortgage is but a lien on the land and does not pass more than
an equity.

O'HARA & BRYAN FOR APPELLEES.

The title of the owner of land binding on the Ohio river, if not excluded
by the terms of the grant under which he holds, extends to the mid-
dle thread of the main channel of the river, and all accretions belong
to the riparian owner as an incident to his title. (Berry v. Snyder, 3
Bush, 266; 6 Cow., 536; 3 Kent's Com., 527; Handly's Lessee v.
Anthony, 5 Wheat, 374; Jones v. Soulard, 24 How., 63; Banks v.
Ogden, 2 Wall., 67.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The "John Green farm," lying and being in Campbell county, Kentucky, and situated on the Ohio river, was divided into four lots, and H. D. Helm purchased each lot by separate deed. The Ohio river line is described in one of the deeds as follows: "To a stake on the bank of the Ohio river and corner to J. Thomas; thence up the river as it meanders S., 76½ degrees E., 52 poles; thence," etc. The river calls in the other deeds mean substantially the same thing as does the call quoted.

The said Helm, after he purchased said land, executed mortgages upon the same, in each of which the land is described as the "John Green farm," purchased by H. D. Helm, but the courses and distances and the objects called for are not particularly set out as they are in the deeds. After H. D. Helm's purchase of the land it had, by his manipulation, increased on the river front about forty acres by accretion from the river.

In the suits to foreclose said mortgages, it is contended that the land acquired by the accretion is not a part of the John Green tract covered by the mortgage; but while it belongs to H. D. Helm, it constitutes a separate tract from the John Green tract as described in the mortgages; therefore, it is not included in the mortgage.

It is well settled by this court, that if a river is one of the lines of a tract of land, the river is considered as a single line, and the owner's title extends, by construction of law, to the middle of the river; and if the low-water mark is extended toward the middle of the river by accretion, or is washed in by the action of the water, the owner's line must be fixed in the middle of the river from low-water mark, as it may be extended by the accre-

tion or diminished by the action of the water. (Ky. Lumber Co. v. Green, 87 Ky., 257; Greenleaf v. Kilton, 11 N. H., 530; Luce v. Carley, 24 Wend., 451.)

It will be at once seen that where there is an accretion to the shore land within the boundary of the owner, and as his line extends to the middle of the stream, the accretion is not, therefore, an acquisition of a separate estate; but the soil from above is simply dumped upon the land of the owner that was under water, which is thereby made shore land. So, also, if the owner's title only extended to low-water mark, he would be entitled to the accretion to the shore land as a part of the shore land; because, as he would be compelled to sustain any loss in acreage that might result from the shore washing and falling in the river, he would be entitled to any gain in acreage that might be acquired by accretion to the extent of low-water mark as fixed by the accretion. The owner would be entitled to the accretion in either case as a part of the land that he held by his original title, and not as an estate that was separate from that held by the original title. It follows that any conveyance or mortgage of the owner's estate described by the terms of the original title and not expressly excluding the accretion, would convey the title to the whole estate—accretions and all. The mortgages here are on the "John Green farm," and as the accretion is a part and parcel of the "John Green farm," the mortgages include the accretion.

In speaking of the line extending to the middle of the stream, we wish to be understood to refer to a general proposition of law. But the question as to whether the owner's title to land in this State, bounded by the Ohio river, extends to the middle of the stream or to low-water

mark on the other side of the river, is an open question.
It is not necessary to decide that question in this case.

The judgment is affirmed.