JOHN MARTIN ET AL. V. J. B. FARIES.

Decided January 22, 1900.

**Deed—Instrument Held Not Testamentary.**

A warranty deed in usual form, executed by parents to their son, and containing this stipulation, "It is distinctly stipulated, however, that this conveyance is not to take effect until our death, and that, so long as we or either of us shall live, the above described premises shall be and remain our homestead, and on the death of either of us, the homestead of the survivor," is not, by such stipulation, converted into a testamentary instrument, but takes effect upon delivery within the lifetime of the grantors, and reserves to them a homestead life interest in the property.

APPEAL from Hill. Tried below before Hon. J. M. HALL.

*A. P. McKinnon* and *L. A. Carlton*, for appellants.

*Nelson Phillips* and *W. C. Wear*, for appellee.

BOOKHOUT, ASSOCIATE JUSTICE.—This was an action of trespass to try title brought by appellee against appellants and their tenants to recover certain land situated in Hill County, Texas. The tenants disclaimed, and the appellants pleaded not guilty. The case was tried before the court, without the intervention of a jury, and resulted in a judgment for the plaintiff, who is appellee here. Appellants have duly perfected an appeal to this court.

It was admitted that on February 11, 1888, and prior thereto, the land in controversy was owned by W. A. Faries and wife, M. A. Faries, and that it was their community property.

The plaintiff introduced in evidence an instrument in writing of date February 11, 1888, in words and figures as follows:

"*The State of Texas, County of Hill.*—Know all men by these presents that we, W. A. Faires (written also Faris and Farris) and M. A. Faries, his wife, of the county of Hill and State aforesaid, for and in consideration of the sum of $5 to us in hand paid by J. B. Faries, and the further consideration of the love that we bear our son, the said J. B. Faries, have granted, sold, and conveyed, and by these presents do grant, sell, and convey, unto the said J. B. Faries, of the county of Hill and State of Texas, all those certain tracts or parcels of land, all situated in Hill County, State of Texas, and more particularly described as follows: [Here follows a description of 174½ acres of land.]

"It is distinctly stipulated, however, that this conveyance is not to take effect until the death of said W. A. and M. A. Faries, and that so long as they, the said W. A. and M. A. Faries, or either of them shall live, the above described premises shall be and remain their homestead, and on the death of either of them, the homestead of the survivor.

"To have and to hold the above described premises, with the reservation hereinabove recited, together with all and singular the rights and appurtenances thereto in anywise belonging, unto the said J. B. Faries, his heirs and assigns forever; and we do hereby bind ourselves, our heirs, executors, and administrators, to warrant and forever defend all and singular the said premises unto the said J. B. Faries, his heirs and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof.

"Witness our hands this the 11th day of February, A. D. 1888.

"W. A. FARIES,
"M. A. FARIES."

The instrument was written on the usual blank form for deeds. It was properly acknowledged, as required by law for conveyances of real estate, before J. P. Thomason, a proper officer, and was duly recorded in the deed records of Hill County, Texas, in book 19, page 481. To the admission of this instrument the defendants objected at the time on the ground that it showed for itself that it was testamentary in character, and was not executed with the formalities required in the execution of wills, had never been probated, and was not susceptible of being probated.

The sole question in this case is the construction to be placed on the above instrument. Appellants claim that it is testamentary in its character, and for that reason does not show title in appellee.

The appellant contends that the following language contained in the instrument shows that the instrument was not to take effect until after the death of the grantors: "It is stipulated, however, that this conveyance is not to take effect until the death of W. A. and M. A. Faries, and that so long as they, the said W. A. and M. A. Faries, or either of them, shall live, the above premises shall be and remain their homestead, and on the death of either of them, the homestead of the survivor." If this language bears out the appellant's contention, then the instrument can not be held a deed.

In the case of Leslie v. McKinney, 38 Southwestern Reporter, 378, the Court of Civil Appeals for the Third District, in construing an instrument, in form a deed, but containing the following language: "To have and to hold all and singular the premises above mentioned unto the said G. C. McKinney, reserving a life estate for myself in the land and the rents thereof, to his heirs and assigns, forever. And I, the said Sarah A. McKinney, reserving for myself a life estate do hereby bind my heirs, executors, and administrators, to warrant, and will forever defend all and singular the said premises unto said G. C. McKinney after my death, and no sooner, or then to his heirs and assigns, against every person or persons whomsoever lawfully claiming or to claim the same, or any part thereof;" held the instrument a deed, passing an estate to commence in futuro.

In Chrisman v. Wyatt, 26 Southwestern Reporter, 759, the Court of Civil Appeals for the Second District, in construing an instrument, in form a deed, but containing the following stipulation: "But it is hereby expressly understood that I reserve to myself the full ownership and control of the above named premises during my natural life, and that at my death this property belongs to the said J. H. Wyatt. This is the same land which was deeded to my husband, Calvin Wyatt, and his bodily heirs, by Stephen C. Rogen and his wife, Josephine C. Rogen, on the 18th day of July, 1860, and is intended as a relinquishment of all my interest in the same, except the ownership and control during my natural life;" held the instrument a deed and not a will.

In Carpenter v. Hannig, 34 Southwestern Reporter, 774, the Court of Civil Appeals for the Third District, in construing an instrument, in

form a deed, but containing the following stipulation: "And it is further hereby especially agreed and covenanted that the premises aforesaid, with the appurtenances thereto, shall remain in the quiet and peaceable possession of the said John Hannig, he to have and enjoy all the rents and profits and usufructs arising therefrom during his natural life; then the said property to pass immediately into the possession of the said Priscilla Hannig, in absolute fee, in accordance with the terms of this deed;" held the instrument a deed with a reservation of a life estate during the life of the grantor.

In the case of Jenkins v. Adcock, 27 Southwestern Reporter, 21, it was held by the Court of Civil Appeals of the First District that an instrument reciting a grant, bargain, and sale of land, and containing the usual habendum and tenendum clauses, and also a general warranty of title, and reserving no power of disposition or revocation is a deed and not a will, though it provides that it is not to take effect until after the grantor's death.

The ground upon which the above decisions, holding that the instruments there construed were deeds, is based, is that the instrument took effect at once, and the stipulation was a reservation of a life estate in the property during the life of the grantor. The grantor retained no power of disposition of the land that would destroy the conveyance.

This court has held an instrument, in form a deed and purporting to convey a tract of land described as, "All our rights, title, and interest in and to our homestead in said Van Winkle survey, should we not dispose of the same before death," was an express retention of the power of alienation of the property during the life of the grantors. That such retention showed an intention on the part of the grantors that the conveyance was not to take effect until after the death of the grantors.

Our satute provides that an estate of freehold or inheritance may be made to commence in futuro by deed or conveyance, in like manner as by will. Rev. Stats., art. 632.

In this case, if the effect of the stipulation in the instrument, "that this conveyance is not to take effect until the death of W. A. and M. A. Faries," stood alone and unqualified, the instrument could not be sustained as a deed. But when the entire stipulation is looked to, we think it clearly appears that the intention of the grantors was to reserve in themselves, and in the event of the death of either of them, in the survivor, a homestead interest during life.

If such was not their intention, then that part of the stipulation reading, "and that so long as they, the said W. A. and M. A. Faries, or either of them shall live, the above described premises shall be and remain their homestead, and on the death of either of them, the homestead of the survivor," would be useless. For, if the instrument was not to take effect until death, it could not affect their homestead right to the land. The instrument was in form a deed, containing all the essential requisites of a deed. It was acknowledged the same day it was executed.

It was delivered to the grantee and promptly filed for record by him, and duly recorded.

We conclude that the instrument was a deed, and took effect upon delivery. That by its terms the grantors reserved in themselves a homestead during their lives.

The above holding requires an affirmance of the judgment, and it is so ordered.

*Affirmed.*

Writ of error refused.