### C. N. A. DE BAJLIGETHY v. CHARLEY JOHNSON ET AL.

#### Decided March 28, 1900.

**1. Deed Held a Will.**

A conveyance by a husband to his wife in consideration of $5 and love and affection, and concluding: "This deed is not to take effect until after my death," if not conclusively a will on its face, was properly held so to be upon testimony of the maker that he intended to make and understood that he was making a will.

**2. Same—Notice.**

Such instrument furnished notice on its face, of its character, sufficient to affect a purchaser from the wife.

**3. Testamentary Deed—Revocation.**

A testamentary instrument in form of a deed was revocable, as other wills, and was revoked by a subsequent conveyance by the grantor to other parties, in consideration of affection.

**4. Same.**

A conveyance to other parties of property to which the grantor had previously made a testamentary deed to his wife, operated as an immediate revocation of the testamentary disposition, and, if not at once effective as a deed, because of the wife's homestead rights, became so when she lost those rights by abandonment of her husband or by decree of divorce.

APPEAL from Harris. Tried below before Hon. WM. H. WILSON.

*T. H. Ridgeway,* for appellant.

*G. W. Tharp* and *R. L. Whitehead,* for appellees.

COLLARD, ASSOCIATE JUSTICE.—Appellees, Charley and Jennie Johnson, sued appellant, C. N. A. De Bajligethy, in form of trespass to try title, for one acre of land, in Harris County, described in the petition

Appellant answered by general demurrer and plea of not guilty. The case was tried without a jury, and judgment was rendered for plaintiffs for title and possession of the land, from which this appeal is taken.

We find the facts as follows: Burton Smith is the common source of title and owned the land in his separate right. He was married to Sarah Green, the 14th day of March, 1895, and was divorced from her by decree of court the 16th day of June, 1898.

On the 18th day of March, 1895, Burton Smith, in company with his wife Sarah, went to an attorney at law in Houston and had him draw

up an instrument of writing, which he signed, conveying, by him to Sarah, his wife, the land in suit, for the expressed consideration of $5 and love and affection. The instrument concludes: "This deed is not to take effect until after my death." The instrument was duly acknowledged on the day of its date, was filed for record on the 4th day of May, 1895, and duly recorded in deed records of Harris County. It is witnessed by two witnesses, J. H. Sherman and R. J. Thacker, the latter witness being the attorney who drew up the instrument. The testimony does not show that this instrument was delivered by the donor to the donee, but it was left with Thacker, the scrivener, at the time it was signed. Sarah came in a few days afterwards and obtained the instrument from Thacker and it was recorded.

June 16, 1898, after the divorce was granted, Sarah Smith conveyed the land in suit by her deed to C. N. A. De Bajligethy, the deed reciting a consideration of $45, paid, which was filed for record June 16, 1898, and duly recorded in deed records of Harris County.

On the 20th day of August, 1895, Burton Smith conveyed the same land in fee simple to Charley and Jennie Johnson, appellees, by his deed of that date, for the expressed consideration of love and affection. This deed is duly signed and acknowledged for record on the day of its date, and duly recorded in deed records of Harris County.

Shortly after this last deed was made to the Johnsons, Charley Johnson put one Burl Jackson on the land, and he remained there until he was dispossessed by De Bajligethy, Jackson being on the land when De Bajligethy bought it.

The testimony does not show that the instrument made in favor of Sarah Smith was ever delivered to her by the donor. Burton Smith owned no other land before or after marriage. Burton Smith testified, and we find his testimony is true, that he could not read and write, and that "as soon as Sarah Smith and I were married, she began to get after me about making my will in her favor. She was afraid I would die and my land would go to my stepchildren. She continued to ask me to make my will in her favor, so, about three or four days after we were married, I consented to do so. We went to Thacker's office, and I told him I wanted him to make my will in Sarah's favor, and Mr. Thacker made this paper. I can not read nor write, but I believe this is the paper [referring to the instrument in favor of Sarah.] We left the will at Mr. Thacker's office, and I was to bring my children down to act as witnesses to it the next day. When we went back next day I could not find Mr. Thacker. We waited a long time at his office, but could not see him. I went to his office two or three days after this and asked him for the will. He told me Sarah had already taken it away. Then I was put on the county road, and Sarah got all my deeds. I did not pay Thacker anything for making the will. Sarah paid him. * * * When I told Thacker I wanted to will my land to Sarah, I meant I wanted her to have it after I was dead, if she was a good wife; but

if she was not, I wanted her not to have the land. She was not a good wife. She left me. * * * The paper I made to Charley Johnson was a deed I reckon; that is what I wanted it to be. * * * After she got the paper from Thacker she had me out on the county road, and never lived with me after that."

Charley Johnson testified, and we find his testimony to be true, and state the same as findings of fact, as follows: "Burton Smith and Sarah Smith only lived together as man and wife a short time. She worked and lived in Houston. Sometimes she would go out to the land in controversy at nights. Sarah Smith made complaint against old Burton Smith, and had him placed on the county road, where he was for some time. After he served his time, he came to my house and has lived with me ever since."

Smith was on the county road about six weeks, and it was about three weeks after his discharge that he executed the deed to the Johnsons.

The court below found and filed conclusions of fact and law as follows:

"I find that Burton Smith is the common source of title herein; that he married Sarah Smith on the 14th day of March, 1895, and that he owned the property in controversy prior to his marriage with Sarah Smith. That the said Sarah Smith lived with her said husband Burton Smith but a short time, and only lived on land in controversy a short time when she abandoned her husband. That on the 16th day of June, 1898, Sarah Smith obtained a decree of divorce from Burton Smith, and never has asserted any claim to the property since said date, and did not live thereon only at occasional intervals prior to said date.

"I find that Burton Smith conveyed the land in controversy to Charley and Jennie Johnson by deed dated 20th day of August, 1895, duly recorded August 20th, in volume 87, pages 3 and 4, record of deeds of Harris County, Texas.

"I find that a few days after his marriage with Sarah Smith, Burton Smith executed the instrument to Sarah Smith through which the defendant claims title. I further find that at the time of executing said instrument it was his intention that the same should be a will, and revocable at his pleasure.

"I find that on the 16th day of June, 1898, and after decree of divorce was entered, Sarah Smith executed a deed to the defendant, C. N. A. De Bajligethy, describing the land in controversy, and that it is through this deed and the instrument executed by Burton Smith to Sarah Smith that defendant claims title to the land in controversy."

Conclusions of Law.—"I conclude that the instrument executed by Burton Smith to Sarah Smith, although in the form of a deed, is testamentary in its nature and is insufficient to pass any title to the land in controversy.

"I further conclude that under the evidence it is very doubtful if Sarah Smith ever acquired any homestead right in the land in controversy, but if she did, such rights ceased to exist after decree was

entered divorcing the parties, and the evidence shows she has long since abandoned any claim to the premises, and is not before the court asserting any claim thereto.

"I conclude that the property in controversy was the separate property of Burton Smith and that the deed from Burton Smith to Jennie and Charley Johnson passed the title to the land in controversy."

The proof does not show that the instrument in favor of Sarah Smith was ever delivered to her by the donor. Burton Smith owned no other land but the one acre.

*Opinion.*—We will treat the questions raised by the assignments of error and dispose of them without special reference to them as presented.

1. The court below correctly decided that the instrument under which Sarah Smith claims title to the land, taken in connection with the parol testimony adduced, was a will. The concluding clause of the instrument, "This deed is not to take effect until after my death," if not conclusive that it was intended as a will, construed in the light of the facts and the express testimony of Burton Smith to the effect that he was at the time making his will, justified the court in finding that the instrument was testamentary, and not a conveyance. Carlton v. Cameron, 54 Texas, 77; Hannig v. Hannig, 24 S. W. Rep., 695; Crain v. Crain, 17 Texas, 81; Ferguson v. Ferguson, 27 Texas, 342; Rogers v. Kennard, 54 Texas, 33; Hart v. Rust, 46 Texas, 556.

The facts in the case of Carlton v. Cameron, supra, are very similar to the facts before us. The instrument of Abner Lee was in the form of a deed, except it concluded: "N. B. The said Abner Lee holding in reserve all the within named estates, both real and personal, during the natural life of the said Abner Lee." Justice Gould, commenting upon the instrument, says: "Although the instrument of July 16, 1836, had the form of a deed, and was placed upon record, it was, nevertheless, testamentary in its character and inoperative as a deed, if the intention of the maker appears to have been that it should take effect only on his death."

It being true, then, that the instrument in question in the case at bar was a will, and that such was the intention of the maker, he had the power to revoke it before his death. He did revoke it by the deed made to appellees. It may be that the deed to the Johnsons did not take effect at once as a deed, on account of the homestead character of the property; yet, as a revocation of the will, it did take effect at once; and after the homestead rights of Sarah expired, by either her abandonment of her husband or by the divorce, the deed to the Johnsons became operative as such and vested title in the Johnsons as fully as if Burton Smith had executed to them a new deed after the divorce. Shields v. Aultman, 50 S. W. Rep., 219; Marler v. Handy, 88 Texas, 422, et seq.; Goff v. Jones, 70 Texas, 575.

The instrument from Burton Smith to Sarah, under which De Baj-

ligethy claims, furnishes notice of its character. There is no question under the facts that appellant can not claim to be an innocent purchaser.

We find no error in the judgment of the lower court, and it is affirmed.

*Affirmed.*