S. N. WEAVER, D. L. BROCKETT, and J. E. FRIST, Trustees of the Independent Order of Odd Fellows, Lodge Number 229, of Runnells, Iowa, Appellants, v. C. B. OSBORNE, Appellee.

**Conveyances:** COVENANTS RUNNING WITH THE LAND. The conveyance of a distinct part of a building may be with covenants creating rights which will survive the destruction of the building, but in the absence of such covenant or agreement no right therein survives: Thus a conveyance by deed of the second story of a building by which the owner of the ground agreed to keep the first story in repair and the grantee to keep the second story and stairway in repair, and in case of fire rebuilding shall be optional with either party, it is held that an exercise by the grantor of the option to rebuild gives the grantee the right to rebuild the second story; and he may do this in conformity with the original building even though the grantor erects the first story of greater length.

Same: CONSTRUCTION. Where the language of a conveyance is obscure and fairly open to different constructions it will be construed most favorably to the grantee; and so that every part thereof may be given effect so far as reasonable.

Actions: NATURE OF: SPECIFIC PERFORMANCE: INJUNCTION. Where the owner of the second story of a building has the right to rebuild the same on the election of the owner of the first story to rebuild, which right is refused him, and he sues to restrain the owner of the first story from interfering with this right, and incidentally for a construction of the conveyance giving the original right to build, the action is not one for specific performance, which must fail for want of clearness in the terms of the conveyance, but rather to restrain interference with a lawful right.

*Appeal from Polk District Court.*—HON. JAS. A. HOWE, Judge.

FRIDAY, JANUARY 19, 1912.

THE opinion states the case sufficiently.—*Reversed* and *remanded.*

*O. M. Brockett,* for appellants.

*Samson & Noble,* for appellee.

WEAVER, J.—The petition alleges that in the year 1893, one J. C. Person, being then the owner of a certain two-story frame store building and the lot on which the same was situated, in the town of Runnells, Iowa, executed and delivered to the trustees of the Independent Order of Odd Fellows, Lodge No. 229, a warranty deed of a part of or interest in said property, which part or interest is described in said instrument as follows:

The following property situated on lot five, block one, in the town of Runnells, Iowa. All of the 2d story of my store building, commencing thirteen feet from the foundation, and a passageway of four feet at the west end of said store building, size of building 22 x 50 feet.

And it is further agreed that the 1st party agrees to maintain and keep in good repair the bottom or first story, and the second party agrees to maintain and keep in good repair the top or second story and passageway, and if either fails to maintain their part, a notice of thirty days must be served on the party failing and then if not repaired, can be done so by the other party at the expense of the party failing. In case of fire, let it be optional with either party in case of building.

It is further alleged that, subject to the right and interest conveyed by said deed, the title to said building and lot were thereafter conveyed by the grantor aforesaid to the defendant in this action, C. B. Osborne; that, subsequent to the making and delivery of the deed to said trustees, there was an oral agreement between all parties in interest, by which the trustees, acting for their said lodge, relinquished its right to a passageway at the west end of the building, and accepted, in lieu thereof, the right to use and maintain a flight of stairs leading from the east end of the building, along the outside of the north wall thereof, to a landing at the second floor, and thus affording access to the lodge room; that the second story thus conveyed, and the passage thereto, were in the continuous possession, use, and enjoyment of said lodge from the date of said deed until the spring of the year 1909, when the entire building was destroyed by fire; that thereupon the defendant declared his purpose to erect another store building on the site of the one so destroyed, but denied the right of the lodge or of its trustees to rebuild the second story, and refused to permit them to exercise such right, though they elected and desired so to do. Plaintiffs further state that the building so destroyed was fifty feet in length and twenty-two feet in width, exclusive of the four feet occupied by the stairway above mentioned, in which they owned an easement of passage, and that plaintiff has begun the erection on said site of another building of brick, somewhat greater in length and twenty-six feet in width, thereby

covering and including within said structure the space formerly occupied by the stairway already mentioned. It is still further alleged that such departure from the plan of the original building has been made by the defendant, in pursuance of a plan on his part, to deprive the plaintiffs of their option and right to build the second story, which they have at all times been ready and willing to do; and they plead their continued readiness and willingness to construct said second story, making the same to conform in material to that which shall be used in constructing the first story, and in harmony with the architectural design thereof, and to allow the defendant the election whether their access to the second story shall be an inclosed stairway, along the inside of the north wall, or an uninclosed stairway on the outside of said wall, such as was used on the original building. This offer, they say, has been refused by the defendant, who persists in excluding them from the premises, and they ask a decree construing their said deed in accordance with their contention, and confirming their right to erect, have, and use the second story of the building begun by the defendant, and for other and general relief. To this petition, the defendant demurred generally. The trial court sustained the demurrer, dismissed the bill, and plaintiffs appeal.

In entering this ruling, the trial court expressed the opinion that the provision of the deed, which reads, "In case of fire let it be optional with either party in case of building," should be construed to mean that, in case of fire and another building is erected, "it should be optional with either party to continue or discontinue the previous arrangement." This opinion is interpreted by the appellee as indicating the court's thought that the pronoun "it," as employed in the last sentence quoted from the deed, refers to the continued separate ownership of the first and second stories of the building, and not to the mutual covenant to maintain and

1. CONVEYANCES: covenants running with the land.

repair; and this view would seem to be borne out by the form of the ruling upon the demurrer. Except for this covenant to maintain and repair, and the added sentence, "In case of fire let it be optional with either party in case of building," there would be little room for serious dispute over the effect of the deed. Such a conveyance, unqualified by condition or covenant recognizing or creating some greater or more permanent right or interest, would have vested the plaintiffs with the title to the second story of the building then in existence, and no more; and, upon its destruction by fire, or otherwise, the instrument would have ceased to be of any legal force or effect, because the subject-matter of the conveyance had itself ceased to exist. Under such a conveyance, also, the grantor would have been under no obligation to maintain or keep the first story in repair to afford a support for the second story, and the grantees would not have been bound to keep the roof in repair for the benefit of the lower story. To the maintenance of this general principle, the appellee has devoted a large part of his argument, but we do not understand the appellants to deny it.

Its correctness may be fully admitted without solving the central question presented by this appeal. That the conveyance of a distinct part of a building may be made with covenants, agreements, or conditions creating rights in the grantee which will survive the destruction of such building is, directly or impliedly, conceded in argument and in each of the precedents relied upon in support of the defense. *Jackson v. Bruns,* 129 Iowa, 616; *Pierce v. Dyer,* 109 Mass. 374, (12 Am. Rep. 716); *Association v. Hegele,* 24 Or. 16, (32 Pac. 679). In each instance, the court carefully guards the conclusion, which denies any continuing mutual obligation in this respect by the qualification, "in the absence of a contract," or "in the absence of an agreement therefor," or other expressions of like import. This is so clear, both as a question of precedent and prin-

ciple, and the authority of the owner of such property to burden it with easements and with covenants running with the title is so well established, it is unnecessary to dwell longer upon the point.

The real inquiry which we have to answer is whether the deed in this case does contain any covenant or agreement for the benefit of the grantees which was not terminated by the destruction of the building. Turning again to the provision of said deed already quoted, we find this language: "It is further agreed that the party of the first part [the grantor] agrees to maintain and keep in good repair the bottom or first story, and the second party [the grantees] agrees to maintain and keep in good repair the top or second story and passageway, and if either fails to maintain their part, a notice of thirty days must be served on the party failing, and then if not repaired, can be done so by the other party at the expense of the party failing. *In case of fire it shall be optional with either party in case of building.*"

Omitting the italicized clause, or treating it as referring solely to the separate ownership of parts of the building, this covenant would require the parties, not only to repair defects appearing in their several parts of the building, but to restore or rebuild, in case of its destruction from any cause. *David v. Ryan,* 47 Iowa, 643; *Hoy v. Holt,* 91 Pa. 88, (36 Am. Rep. 659); *Barnhart v. Boyce,* 102 Ill. App. 172; *Harris v. Heackman,* 62 Iowa, 411; *Seevers v. Gabel,* 94 Iowa, 80; *Norton v. Melick,* 97 Iowa, 567; *Beach v. Crain,* 2 N. Y. 86, (49 Am. Dec. 369); *McIntosh v. Lown,* 49 Barb. (N. Y.) 550. That this rule is not universally recognized is to be admitted, but it is the accepted doctrine in this and many other jurisdictions. It follows that, unless the mutual covenant to maintain and repair now under consideration is in some manner modified or limited by the italicized clause, appellee is in no position to deny his obligation to restore the first story; and that being

done, the appellants are under like duty to restore the second story. We think it very clear that the parties to the deed, recognizing the rule of law to which we have referred, or at least desiring to avoid such possible construction of their covenant, sought to restrict or limit its effect, and for that purpose, and that purpose alone, added thereto the words, "In case of fire it shall be optional with either party in case of building." Standing alone, these words would be difficult to understand, but we can not discard them as meaningless without leaving the parties and all those who may hereafter take title under them bound by their mutual covenant to the absolute and continuing duty to maintain and repair. But reading the obscure sentence in connection with the covenant to which it is attached, there can be little doubt that it was the intent of the parties that, in the event of destruction of the building by fire, it should not be open to either to compel the other to rebuild. The grantor could refuse to erect a first story and incur no liability to the grantees; or, if he elected to build, the grantees could, with equal freedom, refuse to erect the second story, and thus work an abandonmnt of the rights conferred by the deed. But, in case the grantor did exercise his right to rebuild, we think it equally clear that the grantees were thereby given the option to join therein and erect the second story. In the nature of things, the first move was for the grantor, for, unless he first elected to build, the grantees were in no position to elect or refuse to join therein. They could not build a second story without a first story on which to place it.

To adopt appellee's theory that the deed vested the appellants with no right or interest in the premises which could survive the destruction of the building is to render the disputed clause an idle, if not meaningless, expression. If such was the intent of the parties, all that was required to accomplish it was the execution, delivery, and acceptance of a simple unconditional conveyance of the second story

of the building, and, had this been done, then, under the rule applied in *Jackson v. Bruns, supra,* the appellee's position would be impregnable. But this the parties did not do. In addition to a conveyance of the second story, they proceeded to covenant with each other for the maintenance and repair of their respective portions of the building, subject to the condition that "in case of fire," it should be "optional with either party in case of building."

This covenant has express reference to rights of the parties in the event of the loss of the building by fire; or, in other words, to rights surviving the destruction of the thing conveyed. It is not a right or privilege of the grantor alone, but is one of which "either party" may take advantage. It provides a limitation upon the covenant to maintain and repair. The grantor may rebuild, but he is not bound to do so. If he does rebuild, the grantees may rebuild the second story, but are not bound to do so. If this be the true interpretation of the contract, then, while the grantor may refrain from rebuilding and incur no liability to the grantees, he is not at liberty to rebuild and deny the grantees the exercise of their "option" to construct the second story; nor can he, we think, be allowed to accomplish the same result by the indirect method of changing the dimensions of the new structure.

Under the concessions of the demurrer, the width of the new building is practically identical with that of the old building, including the stairway used for access to the second story. If appellee desires to increase the length of the building, it is, of course, within his legal rights, and the exercise thereof can not be seriously embarrassed by the appellants' exercise of their right to rebuild the second story to a length corresponding with that of the building destroyed. Appellants plead their willingness to make their part of the building conform in architectural design, materials, and finish with the first story, on which it will rest, and to accept an adequate approach to that floor by

stairway substantially on the site of the old one, within the wall, or, if appellee prefers, on the outside of the wall, thus leaving him the unincumbered use of the first story to its full width, and this, it would seem, is all he can equitably ask in this respect.

Before leaving this feature of the case, it is, perhaps, proper to restate the contention of appellee that the covenant to repair did not impose any obligation to rebuild in case of loss by fire, and that the added clause does no more than to provide that the ownership of a new building by the parties in separate portions must be a matter of mutual consent. Elaborating this thought, counsel say: "It is very clear that if both parties should desire and agree to continue the previous arrangement, no controversy could arise. It would be continued. If, in case of fire, both should desire to discontinue the arrangement, there could still be no controversy. Controversy could arise only in the event that one of the parties should desire to continue it and the other to discontinue it. The provision is not that in such case either party should have the right to compel the other to a continuance of the arrangement against his will, but that, in case either should desire to continue the arrangement, the other should have the option to continue or discontinue it; and the provision upon this point is wholly impartial. It matters not which of the parties should desire to continue the arrangement; the other could be kept in it only by his consent. The option would be with him (the one other than the one proposing to continue the arrangements) to say whether it should be continued or discontinued." But, if counsel's premise that the deed neither conveys nor creates any right which was not terminated by the fire is correct, what need was there for this provision? Why, in such case, should the parties becloud the situation by stipulations when, without a word on the subject, appellee's right to exclude the ap-

pellants from any share in the new building would not be open to question?

We must presume that the parties intended the language to have some force and effect. If that language be obscure, as it certainly is, and is fairly and reasonably open 2. SAME: construction. to two constructions, then, according to the well-established rule, the court must give effect to the one most favorable to the grantees. *Marshall v. McLean,* 3 G. Greene, 367; *Case v. Owen,* 139 Ind. 22, (38 N. E. 395, 47 Am. St. Rep. 253); *Davenport v. Guilliams,* 133 Ind. 142, (31 N. E. 790, 22 L. R. A. 244); 13 Cyc. 609; 14 Am. & Eng. Encyc. Law (2d Ed.) 14. If it can reasonably be done, force and effect must be given to every part of the deed to make it operate according to the intention of the parties. 13 Cyc. 605. Reading the instrument in controversy in the light of these rules, and of the situation of the parties to the conveyance as revealed in the pleading demurred to, we think the interpretation insisted upon by the appellee can not be approved.

Nor can we adopt the theory of counsel that this action is one for specific performance, and must fail for lack of clearness and certainty in the terms of the agreement. 3. ACTIONS: nature of: specific performance: injunction. Plaintiffs are not seeking to compel the defendant to erect walls on which they may construct a second story. They concede that he is at liberty not to build, unless he elect so to do; but they assert that he has elected to build, but obstructs and opposes them in exercising their right to build the second story, and the remedy they ask is more in the nature of an injunction against wrongful interference on plaintiffs' part. Incidentally to this relief, they seek a construction of their deed and a judicial affirmation of their right to go on with a reconstruction of their part of the building. Nothing in the nature of specific performance is asked or demanded.

For the reasons stated, we hold that the demurrer to

the petition should have been overruled, and the judgment below will therefore be reversed and cause remanded for further proceedings in harmony with this opinion.— *Reversed* and *remanded*.