LOW et al. v. LOW et al. (No. 7203.)

(Court of Civil Appeals of Texas. ·Dallas. Dec. 19, 1914. Rehearing Denied Jan. 16, 1915.)

1. WILLS (§ 88*) — WILLS DISTINGUISHED FROM DEEDS.

An instrument executed and acknowledged by a husband as a deed, whereby he gave, granted, and conveyed to his wife and children all his property on conditions and limitations prescribed, and whereby he declared that he did not intend to convey a present interest, but intended to retain control for life, and, in case of his death, gave, granted, and conveyed a life estate to the wife, to terminate on her remarriage, and, when the title vested in the children, he gave, granted, and conveyed described parts to each child, was a deed within Rev. St. 1911, art. 1111, providing that an estate of freehold may be made to commence in future by deed, and not a will.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 208–217; Dec. Dig. § 88.*]

2. WILLS (§ 88*) — WILLS DISTINGUISHED FROM DEEDS—INSTRUMENTS—INTENTION OF PARTIES.

The court, in determining whether an instrument disposing of property is a deed or will, will give effect to the intention of the maker, clearly indicated by the language used.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 208–217; Dec. Dig. § 88.*]

3. WILLS (§ 93*)—DEED OR WILL—PAROL EVIDENCE.

Where the language of an instrument disposing of property does not clearly express the intention of the maker as to whether the instrument is a deed or a will, parol evidence is admissible to determine intention.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 222–224; Dec. Dig. § 93.*]

Appeal from District Court, Hill County; Horton B. Porter, Judge.

Action by W. M. Low and others against Sarah A. Low and others. From a judgment for defendants, plaintiffs appeal. Affirmed.

Morrow & Morrow and Collins & Cummings, all of Hillsboro, for appellants. C. L. Allen, of Ennis, C. P. Haynes, and Wear & Frazier, of Hillsboro, for appellees.

RAINEY, C. J. This is an action of trespass to try title to a certain tract of land, brought by appellants against appellees. A trial with a jury with an instructed verdict for appellees resulted in a judgment for appellees, and appellants prosecute this appeal.

[1] Appellants claim title to said land by virtue of being heirs of W. M. Low, Sr. The appellees claim title by virtue of an instrument executed by W. M. Low, Sr., which is as follows:

"The State of Texas, County of Hill.

"Know all men by these presents, that I, Wm. M. Lowe, of the county and state aforesaid, for and in consideration of the love and affection I have and bear for my wife, Sarah H. Lowe, and my two children by her, namely, William M. Lowe and James A. Lowe, do hereby give, grant and convey to my said wife and children all my property real, personal and mixed and choses in action on the express conditions and limitations hereinafter given and set out.

"I do not intend by this deed to convey a present interest to my said wife and children but convey on the limitation specifically hereafter mentioned. I intend to retain control and possession of said property and to manage the same together with the rents and profits arising therefrom as long as I may choose to do so or as long as I may live. In case I choose to do so or in case of my death I then hereby give, grant and convey a life estate in all of

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

said real estate with the limitation hereafter named to my said wife, Sarah, such life estate to terminate at once in case she should again marry. When such event should occur or in case of her death then the whole of the property shall go and vest absolutely in fee, to my two said children. And in case my said wife Sarah shall live and remain a widow I do not intend either of the children to sell any part of the land which I intend to convey to them until the said James A. Lowe arrives at the age of twenty-five years. Whenever the title in fee shall vest in my said two children I give, grant and convey to my son, James A., the north half of the following tract of land and to my daughter the south half, to wit: Beginning at the southwest corner of the Alf Atchinson six-acre lot in Peoria, Hill county, Texas; thence south to a hedge and Sander's land; thence east to P. Q. Cliett's line; thence north with Cliett's; thence west to Atchinson's line; thence south to Atchinson's corner; thence west to the beginning. Said land being parts of the A. Frederic and B. Roberts survey. Also when the title in fee vests in my daughter, Willie M., I give, grant and convey an acre lot in the town of Peoria, Hill county, Texas, with all improvements and appurtenances thereto belonging. Also, when the title in fee vests under the foregoing limitations in my said children I give, grant and convey to my son, James A., my two-acre lot on which I now live, in Peoria, Hill county, Texas, with all the improvements thereto belonging. Also when the title shall vest in fee under the foregoing limitations in my children aforesaid I give, grant and convey thirty-seven and a half acres of land out of the Price survey in Hill county, Texas, lying on the west side of Aquilla creek, to my said children, share and share alike. Also I convey under the same limitation five or six acres of land deeded to me by John S. Patton near the graveyard in Peoria, Hill county, Texas, to my said two children. I also give to James A. and Willie M. each a cow and a calf and to each a horse and give a present interest in them, but I reserve the right to use and control said stock during their minority. I also give all the remainder of the live stock, all personal property, choses in action to my wife, Sarah, to use for herself and children, but I reserve a present interest in and to all this personal property as long as I choose to do so or as long as I live.

"In witness whereof I hereto sign my name this the 3d day of August, A. D. 1897.

"W. M. Low, Sr.

"The writer hereof spelled my name and that of my children wrong. It should be 'Low' instead of 'Lowe.'     W. M. Low, Sr."

"Witnesses:
  "W. N. Howard.
  "Jo Abbott."

Said instrument was duly acknowledged on the day of its execution, and filed for record in Hill county the same day at 2:20 o'clock p. m. The rights of the parties depend upon whether the instrument should be construed as a deed or whether it is testamentary in character. In the first paragraph of the instrument the maker uses this language, after stating a good consideration:

"Do hereby give, grant and convey to my said wife and children all my property, real, personal and mixed, and choses in action."

This language is unambiguous, and, if considered without the limitation annexed thereto by the maker, there would be no room for controversy. In the next paragraph he denominates the instrument a deed and makes a condition as follows:

"I do not intend by this deed to convey a present interest to my said wife and children but convey on the limitation specifically hereafter mentioned. I intend to retain control and possession of said property and to manage the same together with the rents and profits arising therefrom as long as I may choose to do so or as long as I may live. In case I choose to do so or in case of my death I then hereby give, grant and convey a life estate in all of said real estate with the limitation hereafter named to my said wife, Sarah, such life estate to terminate at once in case she should again marry."

Does the expression, "I do not intend by this deed to convey a present interest to my wife and children but convey on the limitation specifically hereafter mentioned," show an intention to reserve the title in himself? Or does it show that he intended to convey the property to his wife on condition that she should not marry again should he die, and that he should hold possession of and control it. We think the latter theory the correct one. He nowhere, in express terms, reserves the right to sell or dispose of it, but only to retain possession of and control it. The beneficiaries in the instrument are his third wife and two children by her, and he naturally wanted to provide for them, but, being old, he wisely thought best to retain control so long as he might choose to do so, or until he died, so that the property might contribute to his necessities in his old age, and he be not cast adrift without means of support.

Article 1111, R. S., provides:

"An estate or freehold or inheritance may be made to commence in futuro by deed or conveyance in like manner as by will."

The limitation to retain possession of and manage the same "so long as I may choose to do so or in case of my death," contained in the instrument, shows that the deed was to be effective on his death, if he did not sooner determine to surrender his right to control and manage it. That he intended to part with the title is further made evident by the expression, "Also when the title in fee vests under the foregoing limitations in my said children I give, grant and convey," etc. This limitation imposed in the instrument is referred to three times in paragraph 4 in a manner which indicates that the estate should commence at some future time; that is, on the happening of the conditions stated, in the parties named as grantees.

The appellants, in support of their position that the instrument is testamentary and did not convey a present interest, cites, among others, the cases of De Bajligethy v. Johnson, 23 Tex. Civ. App. 272, 56 S. W. 95; Carlton v. Cameron, 54 Tex. 77, 38 Am. Rep. 620, and Wren v. Coffey, 26 S. W. 143.

In the De Bajligethy Case, supra, the court, in construing the instrument there under consideration in connection with the facts adduced, held that it was testamentary, which we think was correct, as the facts therein are different from these herein.

In the case of Carlton v. Cameron, supra,

the instrument under consideration was in form a deed, but had the following reservation:

"N. B.—The said Abner Lee, holding in reserve all the named estate, both real and personal, during the natural life of the said Lee."

The court held that the instrument was— "testamentary in its character and inoperative as a deed, if the intention of the maker appears to have been that it should take effect only on his death. Looking to the terms of the instrument, the nature of the reservation, and of the estate to be created, and bearing in mind that the court below, acting without a jury, passed upon all questions of fact, we are of opinion that the court did not err in its judgment, if it was based on its opinion that the intention of the maker was that the instrument take effect only on his death, and that it was therefore testamentary in its character."

In that case there was a reservation of the estate, while in the instrument here there is no such reservation, and in that case the court took notice that it was tried with a jury and "passed upon all questions of fact," and presumed that its finding was based on the fact that it was the intention of the maker that said instrument would take effect only on his death.

In Wren v. Coffey, supra, the instrument, although in form a deed, contained this provision:

"And all our right, title and interest in and to our homestead, * * * should we not sell or dispose of same before death."

It was held that the grantor's intention was not to divest himself of any part of the title. In the instrument here under consideration the grantor does not reserve the right to sell the land, but merely reserves the right to retain possession and manage and control the property granted.

In support of the judgment the appellee cites the following authorities: Ferguson v. Ferguson, 27 Tex. 340; Chavez v. Chavez (Sup.) 13 S. W. 1018; Martin v. Faries, 22 Tex. Civ. App. 539, 55 S. W. 601; McLain v. Garrison, 39 Tex. Civ. App. 431, 88 S. W. 484, 89 S. W. 284; Garrison v. McLain, 112 S. W. 773; West v. Herman, 47 Tex. Civ. App. 131, 104 S. W. 428; Forwood v. Forwood (Ky.) 67 S. W. 842; Weaver v. Osborne, 154 Iowa, 10, 134 N. W. 103, 38 L. R. A. (N. S.) 706.

[2, 3] In construing instruments disposing of property, if the language used therein clearly indicates what the maker intended, the instrument must be so interpreted. If the language does not clearly express the intention, but is doubtful as to what the maker's intention is, then parol evidence may be resorted to for the purpose of determining.

The fact that the maker of the instrument under consideration acknowledged it as a deed when he had denominated it as such, allowed it to be recorded as a deed, and never questioned that it was a deed, or its recording, during his lifetime, about three or four years, together with the fact that the grantees were his wife and children, should weigh heavily to support the contention that said instrument was a deed.

In the case of Chavez v. Chavez, supra, where the instrument there under consideration contained language indicating it to be a will, while there was contradictory language showing it was intended as a deed, the trial court held it was a will, but the Supreme Court held to the opinion that it was a deed and reversed, and remanded the case. The court, in reviewing the case, laid stress on the fact that the instrument was recorded.

In the case of Martin v. Faries, supra, in construing an instrument containing the provision, "It is distinctly stipulated, however, that this conveyance is not to take effect until the death" of the parties executing the instrument, the court held the instrument to be a deed.

In McLain v. Garrison, supra, there was a similar provision in an instrument, and the court construed that to be a deed.

We are of the opinion that the instrument in this case should be held to be a deed, and not a will, and therefore the judgment is affirmed.