**WILLIS et al. v. FIVEASH et al.   (No. 7142.)***

Court of Civil Appeals of Texas.   Austin.
July 6, 1927.

Rehearing Denied July 20, 1927.

**1. Wills ⚙➡88(2)—Instrument evidencing compromise of property dispute between stepmother and stepson, denominated conveyance, based on consideration and conveying estates held deed not will, though not to take effect until grantor's death (Rev. St. 1925, art. 1296).**

Instrument executed on compromise and settlement of property dispute between a stepmother and stepson, denominated by parties thereto as a conveyance, and so treated by them, based on recited consideration of compromise and settlement of existing controversy and selling, conveying, and transferring community property of husband and father to son to take effect after stepmother's death, *held*, in view of Rev. St. 1925, art. 1296, to be a deed, and not a will; fact that it was witnessed or that it was not to take effect until grantor's death not being of importance.

**2. Wills ⚙➡88(2)—"Deed" passes present interest, while "will" passes no interest until death of maker.**

Essential difference between a "deed" and a "will" is that the former passes a present interest and the latter passes no interest until after the death of the maker.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Deed, Will (Testament).]

**3. Wills ⚙➡88(2)—In determining whether present interest passes and instrument is deed or will, maker's intention as to character of estate conveyed controls.**

In determining whether a present interest does or does not pass, and the instrument is accordingly a deed or a will, manifest intention of maker as to character of the estate conveyed is controlling.

**4. Wills ⚙➡88(3)—Instrument otherwise sufficient conveying present interest is deed, though form and language is more appropriate to will, and maker reserves life estate.**

An instrument otherwise sufficient, which conveys a present interest, is a deed, even though part of its form and language is more ap-

propriate to a will, and although maker reserves life interest, or otherwise postpones enjoyment of interest granted until his death.

**5. Deeds ⚙➡54—Want of delivery of an instrument prevents it from taking effect as a deed.**

While delivery of an instrument in the form of, and otherwise sufficient as, a deed makes it operative as such, want of delivery prevents an instrument from taking effect as a deed.

**6. Judgment ⚙➡686—Judgment setting aside interest to plaintiffs' ancestor held not to estop plaintiffs from asserting interest under stepmother's prior conveyance of community property.**

Where a stepmother conveyed to a stepson a one-twelfth undivided interest in her one-half of the community estate of herself and deceased husband, judgment in partition suit of all community property, filed fifteen days after execution of her deed, setting off her share of the community property, and partitioning the remainder to stepson and others, *held* not res judicata or to estop plaintiffs, claiming under the son, from asserting an interest in land conveyed to him.

**7. Judgment ⚙➡540—Generally, for judgment to operate as estoppel in subsequent suit, there must be identity of parties and subject-matter and issues.**

Generally, for a judgment to operate as a bar or estoppel in subsequent suit there must be identity of parties or of those in privity with them, identity of subject-matter involved, and of issues.

**8. Judgment ⚙➡720—Where second action is on different cause of action, judgment in first action is conclusive only as to matters actually in issue or litigated.**

Where the second action, although between the same parties, is on different cause of action, the judgment is not conclusive on all matters which might have been litigated in the former action, but only as to such points or questions as were actually in issue or litigated therein.

**9. Judgment ⚙➡724—Estoppel of judgment does not extend to matters not expressly adjudicated, and which are inferable only by argument except where inferences are inevitable.**

Estoppel of judgment does not extend to matters not expressly adjudicated, and which can be inferred only by argument, except where they are necessary and inevitable inferences, in sense that judgment would not have been rendered as it was without deciding such points.

**10. Judgment ⚙➡956(1)—Burden rests on him asserting res judicata to show that issue involved was adjudicated in former suit.**

Where res judicata is relied on, burden rests on him who asserts it to show that the issue involved was in fact adjudicated in former suit, unless the record itself so discloses.

**11. Judgment ⚙➡956(2)—One relying on res judicata may show by extrinsic evidence that issue involved was adjudicated in former suit.**

One relying on res judicata may show by extrinsic evidence that the issue involved was in fact adjudicated in the former suit.

⚙➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error granted November 9, 1927.

**12. Life estates ⬅⟹8—Limitations do not run against remaindermen during life tenancy.**

Limitations do not begin to run against the remaindermen until the death of the life tenant.

**13. Life estates ⬅⟹23—Life tenant, having lost life estate reserved in original deed, had no interest to convey by quitclaim.**

Life tenant, having lost life estate reserved to her in original deed to plaintiffs' ancestor and by execution sale of all her estate, had no present interest to convey by quitclaim to plaintiffs.

Appeal from District Court, Brown County; J. O. Woodward, Judge.

Trespass to try title by Mrs. C. C. Willis and others against R. Fiveash and another. From a judgment for defendants, plaintiffs appeal. Reversed, and cause remanded.

R. E. Lee and Wilkinson & Wilkinson, all of Brownwood, for appellants.

Critz & Woodward, of Coleman, for appellees.

BAUGH, J. Mrs. C. C. Willis and others, as the heirs of J. A. Willis, deceased, sued R. Fiveash and W. V. Lester, in trespass to try title to an undivided one-twelfth interest in and to a certain 100 acres of land out of the Jesse Chandoin survey in Brown county, Tex. Fiveash pleaded not guilty, and asserted title to said land under deeds duly recorded, and by limitation of 3, 5, 10, and 25 years. Lester, the other defendant, who held an oil and gas lease on said land, pleaded not guilty. The trial was to the court without a jury, and judgment rendered for the defendants, appellees here.

J. A. Willis was the only child of A. J. Willis by his first marriage. From his second marriage with M. M. Willis eleven children were born. After the death of A. J. Willis, J. A. Willis had some controversy with his stepmother, M. M. Willis, over the ownership of certain lands, including that here in controversy. Settlement of their differences was effected through the execution by said M. M. Willis and J. A. Willis on October 19, 1892, of the following instrument:

"Whereas, there is existing between J. A. Willis and M. M. Willis a dispute about certain property belonging to the estate of A. J. Willis, decd., said dispute being as to whether or not said property was the separate property of A. J. Willis, and the community of A. J. Willis and Lucinda Willis, first wife of A. J. Willis, or the community property of A. J. Willis and M. M. Willis, surviving widow of A. J. Willis; and "Whereas, the said J. A. Willis and M. M. Willis have this day compromised and forever settled all differences and disputes between them now this instrument does therefore witness and fully set out the aforementioned agreement and compromise:

"J. A. Willis agrees to accept, and does ac-cept, an equal child's part with his half brothers and sisters of all of his father's estate, and for that purpose and for the consideration hereinafter expressed agrees to consider and assent to the contention that all of the real and personal property owned by A. J. Willis was the community property of M. M. Willis and A. J. Willis. And the said M. M. Willis, for and in consideration of the concession and agreement on the part of A. J. Willis hereinbefore stated, agrees to give, bequeath, sell, convey, and does hereby sell, convey, and transfer, to the said J. A. Willis a full and equal one-twelfth undivided interest in and to all of her interest in and to all of her one-half of the said community estate. This conveyance is not to take effect until the death of the said M. M. Willis and at the death of the said M. M. Willis, then the said J. A. Willis is entitled, and it is hereby understood that then he is, to have possession of the said one-twelfth undivided interest herein conveyed equally with his said half brothers and sisters." (Here follows a description of various lands including the lands in question.)

This instrument was duly acknowledged by both parties, was filed for record on October 20, 1892, ánd was duly recorded in the deed records of Brown county, Tex. Appellants contend . that this instrument is a deed in which M. M. Willis merely reserved `a life estate in herself. Accordingly, M. M. Adams, a widow, formerly M. M. Willis, conveyed by quitclaim deed on July 14, 1926, all her interest in and to said lands to appellants herein, who are the wife and children of J. A. Willis, now also deceased. Whatever interest, therefore, appellants have is derived through these two instruments.

[1] The first question presented is whether the instrument above set out is a deed or a will. The trial court construed it to be a will. If it is a will, then it vested no interest in J. A. Willis, because M. M. Willis was still living at the time of the trial, and could have revoked it any time.

[2-5] We have concluded that said instrument was a deed. The general rule in construing such instruments stated in 40 Cyc. 1085, and sustained by Texas authorities there cited, is:

"The essential difference between a deed and a will is that the former must pass a present interest and the latter must pass no interest until after the death of the maker. In determining whether a present interest does or does not pass and the instrument is accordingly a deed or a will, the manifest intention of the maker as to the character of the estate conveyed is controlling. * * * An instrument, otherwise sufficient, which does convey a present interest is a deed, even though part of its form and language is more appropriate to a will, and although the maker reserves a life interest or otherwise postpones the enjoyment of the interest granted until his death. While delivery of an instrument in the form of, and otherwise sufficient as, a deed makes it operative as such, want of delivery of an instrument prevents it from taking effect as a deed, and in some cases al-

lows it to operate as a will, but not where there is no proof of an intention that it should operate as such."

Said instrument is a deed in our opinion, and was so intended by the parties thereto, for the following reasons:

(1) It was denominated by the parties themselves as a "conveyance," and so treated by them. It was duly acknowledged, delivered, and placed of record in the deed records of Brown county the day after it was executed, and for 34 years the grantor has raised no question as to its being a deed. Ferguson v. Ferguson, 27 Tex. 344; Low v. Low (Tex. Civ. App.) 172 S. W. 591; T. & P. Coal & Oil Co. v. Bruce (Tex. Civ. App.) 233 S. W. 538.

(2) It is based upon a consideration, recited in the instrument—that is, in compromise and settlement of an existing controversy over the same property—an essential element to a conveyance, but wholly unnecessary in a will. See Poynter v. Poynter, 206 Ky. 836, 268 S. W. 582.

(3) The language granting the estate, "does hereby sell, convey and transfer to J. A. Willis," together with the absence of any authority for its revocation, manifests, we think, an intention to pass a present estate in the property described. McLain v. Garrison, 39 Tex. Civ. App. 431, 88 S. W. 484, 89 S. W. 285; Stubbins v. Ins. Co. (Mo. App.) 229 S. W. 407; T. & P. Coal & Oil Co., supra.

Nor does the fact that said instrument recited that it was not to take effect until the death of the grantor, and that the grantee was not until then to have possession, militate against a construction that said instrument was a deed. The statute itself has, since 1879, provided that "an estate or freehold or inheritance may be made to commence in futuro, by deed or conveyance, in like manner as by will" (article 1296, R. S. 1925), and grants effective upon the death of the grantor and reserving in the grantor a life estate, have repeatedly been upheld as deeds. See Leslie v. McKinney (Tex. Civ. App.) 38 S. W. 378; Martin v. Faries, 22 Tex. Civ. App. 539, 55 S. W. 601; Garrison v. McLain (Tex. Civ. App.) 112 S. W. 773; Stevens v. Haile (Tex. Civ. App.) 162 S. W. 1027; Low v. Low, supra; T. & P. Coal & Oil Co. v. Bruce, supra.

We attach no importance to the fact that said instrument was witnessed. At that time deeds were frequently witnessed as well as wills, and in the instant case the witnesses in any event were only to the mark of M. M. Willis, who appears to have been unable to write her name.

[6] The next question raised is whether or not the judgment of partition in a suit between M. M. Willis, as plaintiff, and J. A. Willis and the eleven children of M. M. Willis and A. J. Willis, as defendants, partitioning all of said lands, including the tract in question, is res adjudicata and estops appel-lants from asserting any interest in said lands.

Said partition suit was filed on November 4, 1892, 15 days after the execution of said deed to J. A. Willis. The final judgment therein decreed a partition of about 1,100 acres of land as the "community estate of M. M. Willis, and A. J. Willis, deceased," setting aside one-half in kind to M. M. Willis and the other half jointly to the twelve children of A. J. Willis, including J. A. Willis. In that suit no mention was made of the conveyance by M. M. Willis to J. A. Willis involved in this suit, nor does it appear to have been taken into account in any manner. It was neither recognized nor set aside. In the portion set aside to M. M. Willis was included the 100 acres here in controversy. Did said partition decree nullify and set aside said deed?

We have reached the conclusion that it did not. Though denominated as a trespass to try title suit, the indorsement on the original petition indicates that it was for partition, the trial court appointed commissioners who divided the land involved as the community estate of A. J. and M. M. Willis, and the final decree described and designated the partition as that of said community estate.

[7, 8] The general rule is that, for a judgment to operate as a bar or as an estoppel in a subsequent suit, there must be identity of parties, or of those in privity with them; identity of subject-matter involved; and identity of issues. The general rule has often been announced, and is often misleading, that a judgment is conclusive, not only upon the questions actually contested and determined, but on all matters which might have been litigated and decided in the first suit. "But the weight of authority is that, where the second action, although between the same parties, is on a different cause of action, the judgment is not conclusive on all matters which might have been litigated in the former action, but only as to such points or questions as were actually in issue or litigated therein." See 34 C. J. 911, and numerous authorities there cited.

[9] And, as further stated in the same authority:

"The estoppel of judgment does not extend to matters not expressly adjudicated and which can be inferred only by argument except where they are necessary and inevitable inferences, in the sense that the judgment could not have been rendered as it was without deciding such points." 34 C. J. 912; Moore v. Snowball, 98 Tex. 16, 81 S. W. 5, 66 L. R. A. 745, 107 Am. St. Rep. 596; Phillipowski v. Spencer, 63 Tex. 604; Ellerd v. Ellison (Tex. Civ. App.) 165 S. W. 882.

And on the question of identity of issues we quote again from Corpus Juris as follows:

"The true test of the conclusiveness of a former judgment in respect to particular matters is identity of issues. If a particular point or

question is in issue in the second action, and the judgment will depend upon the determination of the particular point or question, a former judgment between the same parties will be final and conclusive in the second if that said point or question was in issue and adjudicated in the first suit; otherwise not. Or, as the rule is otherwise stated in some of the decisions discussing this matter, in a second action between the same parties on a demand different from that in the first action, the judgment in the first action is an estoppel only as to the points controverted, on the determination of which the finding or verdict was rendered. And, in order that the rule should be applied, it must clearly and positively appear, either from the record itself or by the aid of competent extrinsic evidence, that the precise point or question in issue in the second suit was involved and decided in the first." See 34 C. J. 915, and a multitude of cases there cited including numerous Texas cases.

[10, 11] And, where res adjudicata is relied on, the burden rests upon him who asserts it to show that the issue involved was in fact adjudicated in the former suit, unless the record itself so discloses. This he may do by extrinsic evidence. Cook v. Burnley, 45 Tex. 97, 115; Providence-Washington Ins. Co. v. Owens (Tex. Civ. App.) 210 S. W. 558.

In said partition suit in 1892 the only matter referred to in the pleadings, in the preliminary decree, and in the final decree, was the community estate and the community title of A. J. and M. M. Willis. There was set aside to M. M. Willis certain lands as her one-half community interest in that estate. Only 15 days before that suit was filed she had conveyed to J. A. Willis, to commence in futuro and subject to her life estate, a one-twelfth interest in and to her one-half of the community—the interest in controversy in the instant case. If the court had expressly adjudicated that interest in said partition suit, he should have either deducted the one-twelfth interest so conveyed by Mrs. M. M. Willis to her stepson, J. A. Willis, from her community one-half, or should have disposed of it by setting aside in some manner her conveyance to him. The partition suit set aside to J. A. Willis only the interest he inherited from his father, treating all of said property as the community estate of his father and his stepmother, M. M. Willis, a fact which J. A. Willis had formerly controverted, and in settlement of which said deed from his stepmother had been executed. By this deed his stepmother, from whom he would not inherit, had conveyed to him a one-twelfth interest, or an equal interest with her own children, in her part of the community. No reason appears for seeking to nullify such conveyance, immediately thereafter, and the fact that no mention of it whatever is made either directly or indirectly in the pleadings or in the judgment in said partition suit negatives any presumption, we think, that it was an issue in that case. Under the well-settled rules above quoted, we conclude that said partition, in the absence of extrinsic evidence expressly showing that said interest was an issue and was adjudicated therein, cannot operate as a bar in the instant suit.

[12] Nor did limitation run in favor of appellee as against appellants. Such limitation would not begin to run against appellants, who were remaindermen, until after the death of M. M. Adams, formerly M. M. Willis, the life tenant. This point is now well settled. Millican v. McNeil, 102 Tex. 189, 114 S. W. 106, 21 L. R. A. (N. S.) 60, 132 Am. St. Rep. 863, 20 Ann. Cas. 74; Olsen v. Grelle (Tex. Com. App.) 228 S. W. 927.

[13] However, the quitclaim deed from Mrs. M. M. Adams to appellants, dated July 14, 1926, conveyed to them no interest, for the reason that she then owned no estate in said land. In addition to her voluntary conveyance of said lands by warranty deed to Henry Drane on May 25, 1895, the record discloses the sale and conveyance on March 6, 1894, under execution, of all her estate, right, title, and interest in and to certain lands, which included that in controversy. She had, therefore, already lost her life estate reserved to her in the original deed to J. A. Willis, and had none to convey in 1926.

For the reasons stated, the judgment of the trial court is reversed, and the cause remanded.

Reversed and remanded.