LEA CHRISMAN V. J. H. WYATT ET AL.

No. 991.

**Deed or Will.**—A written instrument duly executed and delivered at its date recited natural love and affection as its consideration, and containing the usual granting, habendum, and warranty clauses, but concluding as follows: "But it is hereby expressly understood that I reserve to myself the full ownership and control of the above named property during my natural life, and that at my death the property belongs to the said" grantee. *Held*, especially in view of article 556 of the Revised Statutes, providing that estates of freehold and inheritance may be made to commence in futuro by deed as well as by will, that the instrument was a deed and not a will.

APPEAL from Tarrant. Tried below before Hon. N. A. STEDMAN.

*John D. Templeton* and *A. M. Carter*, for appellant.—The instrument is testamentary. Carlton v. Cameron, 54 Texas, 74; Rogers v. Kennard, 54 Texas, 35; Ellison v. Keese, 25 Texas Supp., 83; 62 Texas, 580; Millican v. Millican, 24 Texas, 426; 57 Texas, 488; Hazleton v. Akard, 26 Am. St. Rep., 86; 1 Dev. on Deeds, sec. 309; Beech on Wills, sec. 18; 1 Redf. on Wills, 4 ed., *pp. 170–172; McKinnon v. McKinnon, 46 Fed. Rep., 722.

*Ross, Chapman & Ross*, for appellees.—The instrument was properly construed to be a deed. Rev. Stats., art. 556; Bombarger v. Morrow, 61 Texas, 417; Hart v. Rust, 46 Texas, 556; Ferguson v. Ferguson, 27 Texas, 339; 2 Dev. on Deeds, secs. 855, 857; Savage v. Lee, 47 Am. Rep., 523; Cribb v. Rogers, 32 Am. Rep., 511; Abbott v. Holway, 72 Me., 298; Blanchard v. Morey, 56 Vt., 170.

STEPHENS, ASSOCIATE JUSTICE.—The single question raised by this appeal is, whether a certain dispositive instrument, executed and delivered on the 24th day of February, 1886, by Phœbe Wyatt to J. A. Wyatt, is a will or a deed. It recites as its consideration, "love and affection," "and other valuable considerations;" contains the usual granting, habendum, and warranty clauses, and concludes as follows: "But it is hereby expressly understood, that I reserve to myself the full ownership and control of the above named premises during my natural life, and that at my death this property belongs to the said J. H. Wyatt. This is the same land which was deeded to my husband, Calvin Wyatt, and his bodily heirs, by Stephen C. Rogen and his wife, Josephine C. Rogen, on the 18th day of July, 1860, and is

intended as a relinquishment of all my interest in the same, except the ownership and control during my natural life."

The court below found that the instrument had been executed and delivered at the date specified; that the only consideration for its execution was natural love and affection; and, in effect, that it was intended by the grantor to convey, at the date of its execution, all her interest except a life estate in the land in controversy; concluding, therefore, that the instrument was a deed, and not a will.

In this conclusion we concur, and affirm the judgment, especially in view of article 556 of the Revised Statutes.

*Affirmed.*

Delivered April 4, 1894.