## M. A. HAMILTON ET AL. v. H. T. JONES ET AL.

### Decided June 6, 1903.

**Deed—Reservation Void on Delivery.**

A husband and wife by deed duly acknowledged conveyed certain homestead land, the separate property of the wife, by warranty deed, with granting and habendum clauses in usual form, but with right of full control of the land reserved in the deed to the grantors during their lifetime, and power in them, or either of them on the death of the other, to sell or exchange the land. They continued to occupy the land until the husband died, and two days later the wife delivered the deed to one of the grantees, saying, "Here is your deed; take your land;" and at one time thereafter she refused to pay for some improvements placed on the land on the ground that it belonged to the grantees, but later conveyed it to other parties after the first grantees had gone into possession with her consent. Held to show an intention at the time the deed took effect by delivery not to rely upon the reserved power to control and sell, but to pass the title in presenti, and the reservation, being in conflict therewith, was void.

Appeal from the District Court of Erath. Tried below before Hon. W. J. Oxford.

*F. H. Chandler* and *Eli Oxford,* for appellants.

*W. W. Moores* and *M. J. Thompson,* for appellees.

CONNER, CHIEF JUSTICE.—This is a suit in trespass to try title in which the opposing parties claim the land in controversy from Mary J. Jones as the common source of title.

The facts as found by the trial court, and which we approve and adopt, show that on July 30, 1896, said Mary J. Jones, joined by her then husband, G. A. Jones, made and duly acknowledged the following deed or instrument in writing:

"The State of Texas, County of Comanche. Know all men by these presents, that we, G. A. Jones and Mary J. Jones, wife of G. A. Jones, of the county of Comanche and State aforesaid, in consideration of the sum of five hundred dollars, to us in hand paid by R. W. Jones, H. T. Jones of the county of Erath and State of Texas, and receipt of which

sum we hereby acknowledge, grant, bargain and sell unto the said R. W. Jones, H. T. Jones, of the County of Erath and State of Texas, have granted, bargained, sold, conveyed and released, and by these presents do grant, bargain, sell, convey and release unto the said R. W. Jones, H. T. Jones, their heirs and assigns, the following described property, to wit: a part of the head write of Andrew M. Nelson 640 acres lying and situted on the water of flat creek in Erath County, Texas, described as follows, beging in the south east corner Lara Belle owen seventy acre track, a black jack bears N. 24 West 4 varas, thence S. 19 W. 409 for S. E. corner, a post oake for corner, thence N. 71 W. 1108 vras, thence S. 19 W. 36 varas, thence N. 71 W. 236 varas, a rock for corner, thence N. 19 W. 855 varas a rock for corner, black jack brs S. 63 W. 2 varas, thence N. 71 E. 1344 vrs to the place of beginning, containing one hundred and one and one half acres of land. Now the conditions of this contract or deed is that G. A. Jones and Mary J. Jones is to have full controle of the above described land during their natural life time, or either one of them if one dies the other holds the same as if boath was living, and reserve the write to sell same as tho this deed never had bin mad, and sold or exchanged for any other land and owened, it is to hold good to R. W. Jones, H. T. Jones in place of the described land in this deed if not sold in our life time this deed hold good, together with all and singular the rights, members, improvements, hereditaments and appurtenances to the same belonging or in any wise incident or appertaining.

"To have and to hold all and singular the premises above mentioned, unto the said R. W. Jones, H. T. Jones, heirs and assigns forever; and we do hereby bind ourselves, heirs, executors and administrators to warrant and forever defend all and singular the said premises unto the said R. W. Jones, H. T. Jones, heirs and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof.

"Witness our hands at DeLeon, this 30th day of July, A. D. 1896. G. A. Jones, Mary J. Jones."

The land described in the deed was the separate property of Mary J. Jones, who, together with G. A. Jones, continued to occupy it as a homestead until about February 28, 1897, when G. A. Jones died. Two days thereafter, March 1, 1897, Mary J. Jones delivered the deed to appellees, saying "Here is your deed, take your land," and appellees soon thereafter caused the deed to be recorded and went into possession, which has been held by them ever since. At one time thereafter Mary J. Jones also refused to pay for some improvements placed on the land in controversy on the ground that the land belonged to appellees.

On December 1, 1900, Mary J. Jones executed and delivered to appellants M. A. Hamilton and B. O. Hawkins her general warranty deed in form sufficient to convey the same land described in the deed to appellees. Being denied possession, this suit was instituted by them.

The court concluded, "that the exception clause in said deed from

Mary Jane Jones, and her husband G. A. Jones, of date July 30th, 1896, to the defendants, is contradictory to and repugnant to the granting and habendum clauses in the balance of said deed, and said exceptions is therefore void," and hence rendered judgment in appellees' favor.

We concur in the conclusion reached by the trial judge. Mary J. Jones was a feme sole, and the granting and habendum clauses in the deed to appellees, when construed in the light of the circumstances at and subsequent to the delivery thereof, as may be done, manifest the controlling intention on her part to be the conveyance of an estate to appellees in presenti, and the clause of the deed relied upon by appellants as authoritizing the subsequent conveyance to them is obviously in direct conflict therewith, and must give way. The delivery of the deed and of possession and control to appellees evidence the purpose of Mary J. Jones at the time it first took effect not to rely upon any reserved power to control and sell. She could not both convey, as was her evident purpose, and at the same time reserve all potential elements of absolute ownership. The excepting clause in appellees' deed therefore was void. See the following pertinent authorities in support of the conclusion reached: Chester v. Breitling, 88 Texas, 586, 32 S. W. Rep., 527; Epperson v. Mills, 19 Texas, 66; Carleton v. Cameron, 54 Texas, 72; Ferguson v. Ferguson, 27 Texas, 340; Fogarty v. Stack (Tenn.), 8 S. W. Rep., 846; McWilliams v. Ramsey, 23 Ala., 813; Chrisman v. Wyatt, 7 Texas Civ. App., 40; Matthews v. Moses, 21 Texas Civ. App., 494; Martin v. Faries, 22 Texas Civ. App., 539; Leslie v. McKinney, 38 S. W. Rep., 378; Pico v. Coleman, 47 Cal., 65; Jameson v. Balmer, 20 Me., 425, and authorities cited in 16 Century Digest, secs. 269, 439, 464.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.