### TURNER et al. v. MONTGOMERY et al. *
(No. 380.)

(Court of Civil Appeals of Texas. Waco.
June 10, 1926. Rehearing Denied
July 5, 1926.)

**1. Deeds ⬅90, 100—Evidence ⬅461(2).**

Entire deed and surrounding circumstances should be considered in construing it, and, if it is ambiguous, parol evidence is admissible to determine parties' intent.

**2. Wills ⬅88(2)—Instrument conveying property to grantors' daughter in consideration of services to be rendered grantors, to take effect on death of surviving grantor, held deed, and not invalid as will (Rev. St. 1925, art. 1296).**

Instrument conveying realty to grantors' daughter, to take effect on death of surviving grantor, reciting consideration of love and affection and services to be rendered to grantors during grantors' lives, without any other reservation, *held* a deed conveying property in futuro under Rev. St. 1925, art. 1296, and not invalid as will.

**3. Specific performance ⬅86 — Instrument conveying land to grantors' daughter in consideration of services to be rendered during grantors' lives, to take effect on death of surviving grantor, and faithfully performed by grantor, held specifically enforceable as contract (Rev. St. 1925, arts. 1296, 1301).**

Under Rev. St. 1925, art. 1301, instrument conveying land to grantors' daughter in consideration of services to be rendered grantors during remainder of their lives, to take effect on death of surviving grantor, which was recorded and accepted by daughter, who with her husband took possession and made valuable improvements on land, and faithfully performed services required, even if not deed within article 1296, was specifically enforceable as contract.

Appeal from District Court, Tarrant County; Bruce Young, Judge.

Suit by Mrs. M. L. Turner and others against Emma P. Montgomery and another. Judgment for defendants, and plaintiffs appeal. Affirmed.

See, also, 233 S. W. 543; 251 S. W. 1039.

Turner & Turner and Wynn & Robertson, all of Fort Worth, for appellants.

J. W. McDavid, of Henderson, and J. A. Templeton, of Fort Worth, for appellees.

BARCUS, J. This suit was instituted by appellants against appellees in trespass to try title, and for a partition of 181 acres of land in Rusk county, together with rents and some personal property. The cause was tried to a jury, and, based upon the findings of the jury, judgment was rendered by the court for appellees for all of the land in controversy. The jury found that the parties had all received their pro rata share of the personal estate. The disposition of this appeal depends solely upon the construction to be given an instrument which was executed by A. B. Collins and wife, S. N. Collins, to their daughter, Emma P. Montgomery, in 1906.

A. B. Collins and wife lived for many years in Rusk county, and had ten children. The nine older children, who are appellants, had left the old homestead, and on April 11, 1904, the youngest child, Emma, married J. O. Montgomery, and left their father and mother at home alone. Three months after Emma married, at the solicitation of her father and mother, she and her husband returned to the old homestead to live. At the time her father was about 80 years of age. In February, 1906, after Emma and her husband returned to the old homeplace, her father brought and delivered to her the following instrument:

"Know all men by these presents that we, A. B. Collins and wife, S. N. Collins, of Rusk county, Tex., for and in consideration of the natural love and affection we have for our beloved daughter, Emma P. Montgomery, wife of J. O. Montgomery, and the further consideration of her attention and care for us in our declining age, have given, granted, and conveyed, and by these presents do give, grant, and convey unto the said Emma P. Montgomery, of Henderson, Rusk county, Tex., for her sole and separate use and benefit, the hereinafter described property, to take effect at the death of the survivor of us: [Then follows a description of the 181 acres of land].

"Also all personal property owned by us at our death, to take affect at the death of the survivor of us.

"To have and to hold the above-described real and personal property unto the said Emma P. Montgomery, her heirs and assigns, from and after the death of the survivor of us, forever, free from the claims of all persons whomsoever. Said property being a free and voluntary gift from us. Our daughter, said Emma P. Montgomery, shall not be required at any time to account for the same to or for any purpose whatever hereafter, and we hereby bind ourselves, our heirs and legal representatives, to

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error granted November 10, 1926.

warrant and forever defend the title to the above-described property unto the said Emma P. Montgomery, heir heirs and assigns, against the lawful claims of all persons."

This instrument was dated and properly acknowledged as required for deeds on February 15, 1906, and same was by A. B. Collins himself filed for record and duly recorded in the deed records of Rusk county, Tex., on March 16, 1906, and was by A. B. Collins delivered to Emma Montgomery, and same was retained by her.

Appellants contend that the instrument above quoted is testamentary in its character and, not having been executed with the formalities required for a will, is void. Appellees contend that the instrument is a deed in futuro, as is contemplated by article 1296 of the Revised Statutes, and that, if same is not a deed, it is an executed contract, and that, by reason of the fact that Emma P. Montgomery performed the services required and provided for therein, and paid the consideration as called for in said instrument, she is entitled to have a specific performance thereof.

The evidence shows that A. B. Collins lived about 18 months after the above instrument was executed, and died when about 83 years of age; that his wife, S. N. Collins, lived until 1918; that, after the instrument was executed, Emma P. Montgomery and her husband, J. O. Montgomery, took charge of, and supervised, the farm, and made valuable improvements thereon in the nature of building fences, making extensive improvements on the house, and building a garage and barn; that beginning with 1907 the property was rendered for taxes in the name of J. O. Montgomery, who paid same annually as they fell due; that the Montgomerys had lived on the place constantly from the time the instrument was executed and delivered. There is evidence tending to show that, immediately after A. B. Collins died, Mrs. S. N. Collins the mother of all the children, had Mrs. Montgomery bring her the deed, and it was read to all the children, and that Mrs. Collins told them that she and her husband had given the homeplace to their daughter Emma. During the 12 years after A. B. Collins died, the evidence shows that Emma took care of her mother in her old age, and attended to her every want. In addition to the land, A. B. Collins left some $4,000 or $5,000 in money, and this was divided among all the children. After Mrs. Collins' death, about $6,200 was found in gold buried under the house, and that was divided equally among all the children. The jury found, in response to special issues submitted to them, that A. B. Collins and wife, S. N. Collins, in February, 1906, made and entered into a voluntary agreement with the defendant Emma P. Montgomery that, if she would live with them during their life, and provide for them

286 S.W.—40

the necessary help, sustenance, and support while they both lived, she, the said Emma P. Montgomery, should have the property described in the instrument above copied. They found that Emma P. Montgomery and husband, J. O. Montgomery, substantially complied with, met, and fulfilled, the conditions and requirements stated in said agreement. They found that Emma P. Montgomery, after the death of A. B. and S. N. Collins, accounted to the other children for all the personal property that came into her hands. The jury found that there was no undue influence exerted by Emma P. Montgomery or her husband over A. B. and S. N. Collins to get them to execute the above instrument.

[1, 2] We cannot agree with appellants' contention that the instrument is testamentary in its character. Article 1296 of the Revised Statutes provides:

"An estate or freehold or inheritance may be made to commence in futuro, by deed or conveyance, in like manner as by will."

In the construction of instruments, the entire instrument, together with the surrounding circumstances, should be looked to, and, if it is ambiguous, parol evidence may be offered to enable the court to determine the real intention of the parties. Page v. Barnes (Tex. Civ. App.) 258 S. W. 264; Benskin v. Barksdale (Tex. Com. App.) 246 S. W. 360. The language of the above instrument, taken as a whole, we think, had the effect to convey the land to Emma P. Montgomery, reserving only to Collins and wife the use and occupancy and revenues to be derived therefrom during their lifetime. The instrument contains all of the prerequisites of a warranty deed, has the same granting and habendum clause, and recites in the granting clause that it shall "take effect at the death of the survivor of us," and, in the habendum clause, that Emma P. Montgomery is to have and to hold the property "after the death of the survivor of us." There is no reservation contained in the deed in so far as it affects the real estate which would authorize or permit the grantors to revoke same. Leslie v. McKinney (Tex. Civ. App.) 38 S. W. 378; Martin v. Faries, 22 Tex. Civ. App. 539, 55 S. W. 601; McLain v. Garrison, 39 Tex. Civ. App. 431, 88 S. W. 484, 89 S. W. 284; Chrisman v. Wyatt, 7 Tex. Civ. App. 40, 26 S. W. 759; Carpenter v. Hannig (Tex. Civ. App.) 34 S. W. 774; Low v. Low (Tex. Civ. App.) 172 S. W. 590; T. & P. Coal & Oil Co. v. Bruce (Tex. Civ. App.) 233 S. W. 535; Stevens v. Haile (Tex. Civ. App.) 162 S. W. 1025.

[3] We further agree with appellees' contention that, if it should be held that the instrument is not a deed, it is such a contract as could be specifically enforced. It was executed by A. B. Collins and wife, and recites that it is in consideration of the services which are to be rendered by Emma Montgomery, their daughter, during the remain-

der of their lives. It was filed for record by A. B. Collins, delivered to, and accepted by, Emma Montgomery, and she and her husband took possession of the land, and made valuable improvements thereon, and took care of her father and mother, and faithfully rendered the services called for in the instrument, caring for her father for about 18 months, and her mother about 12 years. The jury found that the contract was made, and that Emma Montgomery and husband had performed their part of the contract, and appellants, as children of A. B. Collins and wife, could not defeat the contract as made by their father and mother with Emma, after she had performed her part of the same. Article 1301, Revised Statutes; Simpson v. Green (Tex. Com. App.) 231 S. W. 375; Day v. Townsend (Tex. Com. App.) 238 S. W. 213; Mondragon v. Mondragon (Tex. Civ. App.) 239 S. W. 650; Jordan v. Abney, 97 Tex. 296, 78 S. W. 486; Howard v. Zimpelman (Tex. Sup.) 14 S. W. 59; Humphreys-Mexia Co. v. Gammon, 113 Tex. 247, 254 S. W. 300, 29 A. L. R. 607; Thompson v. Waits (Tex. Civ. App.) 159 S. W. 82; Hooks v. Bridgewater, 111 Tex. 122, 229 S. W. 1114, 15 A. L. R. 216; T. P. Coal & Oil Co. v. Hamil (Tex. Civ. App.) 238 S. W. 672.

We have examined all of appellants' assignments of error, and same are overruled. The judgment of the trial court is affirmed.