### NORTH et al. v. NORTH.  (No. 587.)

Court of Civil Appeals of Texas. Waco.
Oct. 27, 1927.

Rehearing Denied Dec. 1, 1927.

1. Wills ⬮88(2, 3)—Duly acknowledged instrument reciting valid consideration held to constitute valid conveyance of fee, notwithstanding provision that it should not take effect till after grantors' death and reservation of title and possession; "title" (Rev. St. 1925, arts. 1292, 1296).

Duly acknowledged instrument reciting valid consideration, and conveying land described by metes and bounds, *held* to constitute valid conveyance of real estate in fee, within Rev. St. 1925, art. 1292, notwithstanding provision that it should not take effect until after death of grantors, who reserved title and possession till such time, since, under article 1296, estate may be made to commence in future by conveyance; and vested right to life estate in land with present right to possession and enjoyment thereof constitutes "title."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Title (To Property).]

2. Deeds ⬮93—Intention of grantor in deed gathered from instrument as whole must control, unless repugnant to rule of law or contrary to express provision contained therein.

In construing written instruments, including deeds, intention of grantor gathered from language of instrument as a whole must control, unless repugnant to some rule of law or contrary to some express provision contained therein.

3. Deeds ⬮93—Instrument intended by grantor as deed will be given effect as such, if possible.

Instrument intended by grantor to operate as deed will be given effect as such, if it is legally possible to do so.

4. Deeds ⬮90—Instrument intended to operate as deed will be construed to give effect and meaning to every part.

Instrument intended by grantor to operate as deed will be construed so as to give effect and meaning to every part thereof, each clause being considered separately and being governed by intent deducible from entire instrument, and separate parts being viewed in light of other parts, if that can be done consistently with rules of law.

5. Deeds ⬮95—Grantors' intention in executing conveyance with reservation must be determined from language as whole in light of circumstances.

Intention of grantors in executing conveyance with reservation incorporated therein must be determined from language of instrument as a whole viewed in light of circumstances attending its execution.

6. Deeds ⬮66—Evidence held to take to jury question whether there was delivery to defendant of deed under which he claimed.

In suit to recover interest in land, evidence *held* sufficient to take to jury question whether deed under which defendant claimed was ever delivered to him, where there was testimony indicating that he took it from grantor's trunk.

7. Deeds ⬮57—Delivery by mother of deed from parents to son held invalid as to father, unless authorized, assented to, or ratified by him.

Delivery by mother of deed conveying land to son from father and mother *held* not valid delivery as to father, unless such delivery was authorized, assented to, or subsequently ratified by him.

8. Trial ⬮140(2)—Uncontradicted testimony of interested parties will not justify instructed verdict, unless consideration of testimony as whole shows no circumstances tending to impeach it.

Uncontradicted testimony of interested parties is not conclusive, and will not justify instructed verdict, unless it can be said on consideration of testimony as whole that there are no circumstances shown thereby tending to discredit or impeach it.

9. Witnesses ⬮159(5)—In action by brother and sister and children of deceased brother of defendant to recover interest in land, defendant's testimony as to delivery of deed from deceased mother held inadmissible (Rev. St. 1925, art. 3716).

In suit to recover interest in land, brought by brother and sister of defendant and children of deceased brother of defendant, in which question whether deed from deceased parents was delivered to defendant was issue, admission of defendant's testimony that such deed was delivered to him by mother *held* error, under Rev. St. 1925, art. 3716, where such testimony was not called for by questions of opposing party.

Appeal from District Court, Navarro County; Hawkins Scarborough, Judge.

Suit by Enoch North and others against W. S. North. Judgment for defendant, and plaintiffs appeal. Reversed and remanded.

Davidson, Blalock & Blalock, of Marshall, and Richard & A. P. Mays, of Corsicana, for appellants.

---

⬮For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Jack & Jack, Callicutt & Upchurch, and Jester & George, all of Corsicana, for appellee.

GALLAGHER, C. J. The parties will be designated as in the trial court. Enoch North, Sallie Munden and husband, J. L. Munden, Roy North, Amos North, Henry North, Gertrude North, Mary Bell and husband, Carl Bell, instituted this suit against W. S. North to recover an undivided three-fourths interest in a certain 100 acres of land and for a partition thereof. Plaintiffs Enoch North and Sallie Munden and the defendant, W. S. North, are children and heirs at law of G. S. North and his wife, Mary Jane North. Roy, Amos, Henry, and Gertrude North and Mary Bell are children of A. A. North, a deceased son of said G. S. and Mary Jane North. The property in controversy was the homestead of said G. S. and Mary Jane North in their lifetime. They were both advanced in years and prior to October 3, 1919, had left their farm and were at that time living in a separate house on the home place of defendant, W. S. North, in the village of Chatfield. On said date G. S. North and wife, Mary Jane North, executed and acknowledged the following instrument:

"The State of Texas, County of Navarro.

"Know all men by these presents: That we, G. S. North and wife, M. J. North, of the county of Navarro, state of Texas, for and in consideration of the sum of $1.00 to us in hand paid by W. S. North, the receipt of which is hereby acknowledged, and the further consideration of the love and affection we have for our son, W. S. North, and the further consideration that he, W. S. North, agrees and binds himself to support us and each of us during the balance of our lives, have granted, bargained, sold and conveyed, and by these presents do grant, bargain, sell and convey unto the said W. S. North, of the county of Navarro, state of Texas, all that tract or parcel of land described as follows: [Description by metes and bounds of 100 acres of land.] *This deed is to take effect after each of us is dead, and not before then and until our death we reserve the title and possession of said land in us.*" (Italics ours.)

"To have and to hold the above-described premises, etc. [Habendum and warranty clauses follow in due form.]

"Witness our hands at Chatfield, this 3d day of October, 1919.     G. S. North.
            "M. J. North."

Acknowledged in due form on the same day by both grantors. Mary Jane North died January 19, 1920. G. S. North died October 18, 1924. Plaintiffs claimed as heirs at law of their said parents. The defendant, W. S. North, claimed title under the foregoing instrument. Plaintiffs contend that said instrument was not in fact a deed of conveyance, nor intended by the signers thereof to operate as such, but was in fact testamentary in character and intended by the signers thereof to operate as a will; that the same

was not executed as required by the statutes with reference to wills, and was therefore void.

The case was tried before a jury. At the close of the evidence the court instructed a verdict for defendant and entered judgment in his favor thereon. Plaintiffs present said judgment for review by this appeal.

### Opinion.

[1] Plaintiffs contend that the instrument under consideration did not vest in the grantee a present right either to an immediate or future enjoyment of the premises described therein, but that the whole title and right of enjoyment remained, notwithstanding the execution of the same, in the grantors therein, and that the same was therefore revocable at the pleasure of the grantors and testamentary in character. Said instrument complies with almost verbal accuracy with the requirements prescribed by article 1292 of the Revised Statutes for a valid conveyance of real estate in fee. It recites a valid consideration and it was duly acknowledged as deeds are required to be acknowledged. If it is not construed as a deed of conveyance, and if it is denied effect as such, such denial must, so far as the face of the instrument is concerned, be based solely on the fact that the field notes therein are followed by the provision that said instrument shall not take effect until both the grantors are dead and that they retain title and possession until their death. Article 1296, Revised Statutes, provides:

"An estate or freehold or inheritance may be made to commence in futuro, by deed or conveyance in like manner as by will."

Construing this statute, Judge Speer in Turner v. Montgomery (Tex. Com. App.) 293 S. W. 815, 816, said:

"This is a remedial statute to meet the rigor of the common-law rule that a freehold to commence in futuro could not be conveyed by deed. Glenn v. Holt (Tex. Civ. App.) 229 S. W. 684. We do not understand this statute to change in any wise the essentials of a deed or conveyance with respect to its efficacy from the day and date of its execution, but its purpose evidently was to provide in effect that by deed of conveyance an estate may be made to commence in futuro."

Similar instruments have been before our courts for construction many times. In the absence of the valid reservation of a right to dispose of the property or to revoke the instrument, or language from which such reservation will be necessarily implied, the courts have with practical unanimity held such instruments deeds and effective to convey a present interest in the property described therein, notwithstanding the full title thereto and the right to the possession and enjoyment thereof are postponed to some

future date. Jenkins v. Adcock, 5 Tex. Civ. App. 466, 27 S. W. 21, 23; Turner v. Montgomery (Tex. Com. App.) supra; Id. (Tex. Civ. App.) 286 S. W. 624; Chrisman v. Wyatt, 7 Tex. Civ. App. 40, 26 S. W. 759 (writ refused); Low v. Low (Tex. Civ. App.) 172 S. W. 590–592 (writ refused); McLain v. Garrison, 39 Tex. Civ. App. 431, 88 S. W. 484–489, 89 S. W. 431; Id. (Tex. Civ. App.) 112 S. W. 773, 774 (writ refused).

[2-5] Plaintiffs, however, contend that the reservation of title and possession by the grantors until their death amounted in legal effect to the reservation of both the right to dispose of the property and the right to revoke the instrument during their lifetime. One of the general rules for the construction of written instruments, deeds included, is that the intention of the grantor, gathered from the language of the instrument as a whole, must control, unless repugnant to some rule of law or contrary to some express provision contained therein. 18 C. J. p. 252 et seq., § 198. An instrument intended by the grantor to operate as a deed will be given effect as such if it is legally possible to do so. Id. p. 256, § 200. Such an instrument will be construed so as to give effect and meaning to every part thereof, each clause being considered separately and being governed by the intent deducible from the entire instrument, and separate parts being viewed in the light of other parts, if that can be done consistently with the rules of law. Id. p. 257, 258, § 205; Benskin v. Barksdale (Tex. Com. App.) 246 S. W. 360, 363. The intention of the grantors in executing said instrument with the reservation incorporated therein must be determined from the language thereof as a whole, viewed in the light of the circumstances attending its execution. Turner v. Montgomery (Tex. Civ. App.) 286 S. W. 624, 625. The grantors in said instrument acquired the land in 1895. The testimony shows that it was their homestead; that they were advanced in years; that they had left said homestead and at the date of the execution of said instrument had been residing in a house belonging to the defendant which he had built for them adjacent to his own home; that they had so resided for nearly two years; that the grantors called the justice of the peace to "fix up the papers" and announced to him that they had decided to live with defendant and make that their home for the remainder of their lives; that they furnished him their deed to the property from which to copy the field notes; that they said they wanted to retain the rents and did not want the deed to become effective until after their death; that he then wrote the instrument under consideration and they said it was what they wanted and signed and acknowledged the same. The testimony further shows that they lived in said house continuously until the death of Mary Jane North and that G. S. North lived there for several months after her death, and intermittently thereafter, and that he died there. The court admitted testimony tending to show that some time after the death of Mary Jane North the relations between G. S. North and defendant became strained, that thereafter he spent considerable time with his other children, and that he spoke of said instrument as a will, and that he executed another instrument which he declared to be his will. We quote in this connection from the opinion by Judge Speer in Turner v. Montgomery, supra, as follows:

"Unless the instrument is a deed, it is nothing, for it is not executed according to the simple requirements of the statute for a will, and every presumption is that the persons executing the instrument intended it to have some effect. If the intention were obscure, which it is not, this consideration alone ought to resolve the construction in favor of a valid instrument if that can be done."

G. S. North and his wife owned the land described in said instrument in fee simple. They had a right to execute a valid conveyance thereof to take effect at their death. If the words, "until our death we reserve the title and possession of said land in us," had been omitted from the instrument, the title to a life estate and the right to possession during the continuance thereof would have remained in them for the simple reason that it was not conveyed away. Title is defined in the Standard Dictionary to be: "The right to or ownership of property, especially land, with or without possession." A vested right to a life estate in land with the present right to possession and enjoyment thereof unquestionably constitutes title within the meaning of that term. The duration of the estate to which title was so retained was limited by the grant of the fee to take effect at the death of the grantors. There is no such inconsistency in the language of said instrument as would defeat the grant therein made. Neither is there any substantial reason for holding such instrument a nullity. Plaintiffs' contention is therefore overruled. Chrisman v. Wyatt, supra (writ refused); Low v. Low, supra (writ refused); Chavez v. Chavez (Tex. Sup.) 13 S. W. 1018; Webster v. Webster, 33 N. H. 18, 66 Am. Dec. 705, 707; Graves v. Atwood, 52 Conn. 512, 52 Am. Rep. 610, 611, 612; White v. Hopkins, 80 Ga. 154, 4 S. E. 863, 864, 865; Cates v. Cates, 135 Ind. 272, 34 N. E. 957, 958, 959. See, generally, Carpenter v. Hannig (Tex. Civ. App.) 34 S. W. 774, 777; Stevens v. Haile (Tex. Civ. App.) 162 S. W. 1026, 1028; Emerson v. Pate (Tex. Civ. App.) 165 S. W. 469, 470; Hamilton v. Jones, 32 Tex. Civ. App. 598, 75 S. W. 554, 555, 556; Benskin v. Barksdale, supra, page 363; Mays v. Burleson, 180 Ala. 396, 61 So. 75, 76; White v. Willard, 232 Ill. 464, 83 N. E. 954, 957.

[6] Plaintiffs contend that the issue of the delivery of said deed should have been submitted to the jury. When said deed was acknowledged it was returned to G. S. North and he gave it to his wife and told her to put it in the trunk. It was filed for record by W. S. North twelve days after the death of his father. Mr. Hervey, a witness for defendant, testified with reference to certain statements made to him by G. S. North concerning said deed, and, in that connection, to having seen the same in a package of papers submitted to him by Mr. North. He further testified in that connection that G. S. North told him that he had given defendant and his wife a deed to the property to take care of him and his wife the rest of their lives. On cross-examination he stated that this package of papers was submitted to him by the defendant and not by G. S. North. He refused to attempt to fix even approximately the date of his conversation or conversations with G. S. North about the execution of said deed or the date he saw the same in said package of papers. He did, however, say that he examined said package of papers before the death of defendant's mother. No reason why the fact of his seeing said deed among defendant's papers should be in any way associated with the death of Mrs. North is disclosed by his testimony. Mary Bell, a witness for plaintiffs, testified that the defendant, shortly after the death of his mother, entered the room occupied by his father with a skeleton key; that he opened a trunk in said room, saying in that connection: "While I am in this trunk there are some papers I want." The witness stated defendant took from said trunk a bunch of papers with rubber bands around them, the same being contained in a long envelope. She further testified that defendant cautioned her not to tell his father that he had been in said room. Defendant testified in his own behalf on direct examination, apparently without objection, that he had had said deed in his possession from three to six months when his mother died and that he had had control thereof continuously since the same was delivered to him. Plaintiffs on cross-examination asked him if he did not take said deed from his father's trunk as testified by Mrs. Bell, and also asked him if his father did not thereafter accuse him of having done so. He answered both said inquiries in the negative and explained that his father did accuse his (defendant's) wife of taking a dress out of said trunk at the time inquired about. Defendant was then permitted, over objection of plaintiffs, to testify in his own behalf that his mother gave him said deed in 1919. Defendant's wife, Mrs. Hester North, testified, apparently without objection, that she saw her husband and Mrs. Bell when they were in said room, and that the trunk was not opened, and that nothing was taken therefrom, and that her husband had had possession of said deed since October, 1919. This was all the evidence bearing directly on the subject of the delivery of said deed.

[7] Defendant concedes that a valid delivery of said deed was necessary to render it effective. He contends, however, that the testimony introduced shows such a delivery as a matter of law; that is, with such certainty that reasonable minds cannot differ on such issue. The only direct evidence of delivery is from the defendant himself. He says that the deed was given to him by his mother. Unless the delivery of the deed to him by his mother was authorized, assented to, or subsequently ratified by his father, it was not a valid delivery as to him. 18 C. J. p. 212, § 117; 1 Devlin on Real Estate, § 277, pp. 442–444; Thomson v. Flint & P. M. R. Co., 131 Mich. 95, 90 N. W. 1037, 1039. Defendant does not claim that his father was present at the time he says his mother delivered said deed to him. His father's assent thereto or his ratification thereof, if found as a fact, must be based on inferences drawn from the other facts and circumstances in evidence. Whether such assent or ratification should be inferred in this case was, in our opinion, a question for the jury. Stooksbury v. Swan, 85 Tex. 563, 573, 22 S. W. 963; Supreme Council v. Anderson, 61 Tex. 296, 301; Texas Life Ins. Co. v. Legg (Tex. Civ. App.) 229 S. W. 587, 588; Stevenson v. Pullman Palace Car Co. (Tex. Civ. App.) 26 S. W. 112; Whaley v. McDonald (Tex. Civ. App.) 194 S. W. 409, 410, 411.

[8, 9] Defendant and his wife were both interested parties. It has been frequently held that uncontradicted testimony of interested parties is not conclusive and will not justify an instructed verdict, unless it can be said upon consideration of the testimony as a whole that there are no circumstances shown thereby tending to discredit or impeach the same. See Dunlap v. Wright (Tex. Civ. App.) 280 S. W. 276, 279, where authorities on the subject are collated and distinguished.

We are, however, of the opinion that the court erred in admitting the testimony of defendant that said deed was delivered to him by his mother. Plaintiffs objected to such testimony when the same was offered on the ground that it was rendered incompetent by the provisions of article 3716 of our Revised Statutes. Said article provides, among other things, that in all actions by or between heirs of a deceased person, neither party shall be allowed to testify against the others as to any transaction with or statement by the intestate, unless called to testify thereto by the opposing party. Defendant claims that said testimony by him comes within the exception aforesaid. Defendant had testified in his own behalf that he had

had possession of said deed ever since it was delivered and that he had possession of the same for several months before his mother's death. Plaintiffs asked him on cross-examination if he did not take said deed out of his father's trunk under the circumstances testified to by Mrs. Bell. He denied having opened his father's trunk or having taken anything therefrom on that occasion. This was certainly not a transaction with either his deceased father or mother. He was further asked if in a certain conversation with his father thereafter his father did not accuse him of having taken said deed from his trunk on that occasion. He denied this also and explained that the controversy at that time was over a dress which he said his father accused his (defendant's) wife with having taken from said trunk. Defendant's question called for statements by his father on that occasion and said conversation may have constituted a transaction with his father within the meaning of said article. · Anything said by him or his father on that occasion, if otherwise admissible, would have come within the exception. He was never asked by plaintiffs, so far as disclosed by the record, who, if any one, delivered said deed to him. The delivery of said deed to him by his mother as testified by him constituted a separate and distinct transaction between him and her, about which he had not been called to testify nor questioned by plaintiffs. Such transaction was not within the exception so relied upon. Without discussing the evidence in detail, we think the same was insufficient to establish the delivery of said deed as a matter of law, and that the court erred in giving a peremptory charge and in refusing to submit the issue of delivery for determination by the jury, as requested by plaintiffs.

The judgment of the trial court is reversed, and the cause is remanded.