## CUSHENBERRY et al. v. PROFIT et al.
### No. 2151.

Court of Civil Appeals of Texas. Eastland.
June 13, 1941.

Rehearing Denied July 15, 1941.

293

Floyd Jones, of Breckenridge, Murray J. Howze, of Monahans, and Smith & Smith, of Anson, for appellants.

Coombes & Andrews, of Stamford, and Turner, Seaberry & Springer, of Eastland, for appellees.

LESLIE, Chief Justice.

The plaintiffs, N. C. Cushenberry, and others, sued Florin Profit, Ethel Profit Watkins and husband and Earl Profit Spencer and Charles E. Coombes, as trustee, for the partition of five tracts of land in Jones County and 160 acres in Stephens County. Plaintiffs claimed half interest in the land as heirs of Enola Profit, deceased, and alleged the other half belonged to the defendants, the heirs of Joseph Profit, deceased. The trial resulted in a judgment for defendants and plaintiffs appealed.

Joseph Profit and Enola Profit were husband and wife. Joseph Profit, by a former marriage, had three children: Florin Profit, Ethel Profit and Earl Profit Spencer (Earl having been adopted by Orra Spencer). No children were born to Joseph and Enola Profit. Joseph Profit died intestate June 28, 1935, and Enola Profit died intestate July 20, 1938. While husband and wife they accumulated all the property involved in this litigation and it is agreed that such property constituted their community estate. At her death Enola Profit left brothers and sisters surviving her and also nieces and nephews. These relatives are plaintiffs in this cause.

As basis for the partition of said land, the plaintiffs set up that Joseph and Enola Profit, by the two instruments hereinafter mentioned, attempted to convey said lands to Judge Charles E. Coombes, trustee, for the beneficiaries therein. That at the time Enola Profit did not have mental or "testamentary" capacity to execute the instruments and was unduly influenced to execute the same, and was not examined privily and apart from her husband, etc.; that the recording of said instruments and supervision and control thereunder by said trustee cast a cloud on plaintiffs' title and that they were entitled to have said instruments held void and the property partitioned, setting aside one-half thereof to them.

While living together as husband and wife, Joseph and Enola Profit executed and delivered to Judge Charles E. Coombes, trustee, two instruments relating to said real estate, the first dated February 4, 1935, pertaining to the land in Jones County, and the second dated February 13, 1935, pertaining to the land in Stephens County. What is said here with reference to the first instrument is, in effect, true as to the second one which refers to the first for the uses, purposes, privileges, etc., of said trustee under the terms of that instrument. By reference, the second makes the first instrument a part of itself. The defendants answered, among other things, by general demurrer, general denial, 3, 5, and 10 years' statutes of limitation, estoppel, execution of the trust, laches, 4 years' statute of limitation, and special denial. They also present a cross-action in trespass to try title for the title and possession of the land.

In substance, the appellants' assignments of error raise the following questions: (1) That the court erred in overruling plaintiffs' general demurrer to the defendants' answer and cross-action, because the Coombes' instruments were not deeds, but unprobated testamentary instruments. (2) The court erred in overruling plaintiffs' exceptions to defendants' limitation pleas. (3) The court erred in admitting in evidence the two deeds or instruments to Judge Coombes. (4) The court erred in excluding the testimony of Mrs. Fuqua as

to the mental capacity of Enola Profit at the time she executed said instruments, and (5) the court erred in holding that Joseph Profit had authority to convey the community property to Judge Coombes.

The real contentions may be thus stated: (1) The instruments to Coombes were not deeds conveying title to grantees, but were instruments testamentary in character and not having been probated passed no title; hence they were, therefore, not admissible in evidence, and having been admitted in evidence were ineffective to pass title and judgment should have been for plaintiffs for one-half interest in the land. (2) Such instruments being testamentary in character, Joseph Profit could not thereby pass title to property belonging to his wife as part of the community; (3) the trial court erred in excluding Mrs. Fuqua's testimony as to Enola Profit's mental capacity.

The trial started before the court and jury. The plaintiffs proved heirship under Enola Profit and rested. The defendants offered and had admitted in evidence, over the plaintiffs' objection, the two instruments, and rested. The plaintiffs then offered testimony as to the mental capacity of Enola Profit to execute the instruments. Objections to such testimony were sustained on the ground that the property being community, Joseph Profit alone had the power to convey without the joinder of the wife.

At this stage of the trial the litigants agreed in open court that the only remaining issue in the case was the construction of said two instruments. Thereupon, the jury was discharged and upon further consideration judgment was rendered against the plaintiffs and in favor of the defendants for the title and possession of the land subject to the terms of the instruments. Further, the parties agreed there was a regular chain of title from the State to Joseph Profit, and, as previously stated, that all of said property was community property of Joseph and Enola Profit.

Since the controlling question presented is one of proper construction to be given said instruments (which may be considered as one) portions thereof most material in reflecting the true nature and character of the instrument will be set forth. Further, such characteristics and elements in the instrument as a whole fixing and determining its nature as being a deed or instrument of conveyance, as contradistinguished from an instrument merely testamentary in nature, will also be specifically stated.

The most material portions of the instrument dated February 4, 1935, are:

"Know All Men by These Presents:

"That we, *Joseph Profit* and wife, *Enola Glen Profit* of the County of Jones and State of Texas, for and *in consideration* of the *sum of Five Dollars* to us cash in hand paid by Chas. E. Coombes, Trustee, the receipt of which is hereby acknowledged, and *in consideration of the trust* hereby created subject to the reservations hereinafter set forth, have *Granted, Sold and Conveyed,* and by these presents do *Grant, Sell and Convey* unto the said trustee and his successors in trust, all those certain lots, tracts or parcels of land, lying and being situate in the County of Jones and State of Texas, and described as follows to-wit: (Description of land recorded)

\* \* \* \* \*

"*To Have and To Hold* the above *described premises,* together with all and singular, the *rights* and *appurtenances* thereto in any wise belonging, subject to the reservations hereinafter set forth unto the said *Chas. E. Coombes,* trustee, and his successor in trust forever, and we do hereby *bind ourselves,* our *heirs, executors* and *administrators to warrant and forever defend* all and singular the said premises subject to said reservations unto the said Chas. E. Coombes, trustee, and his successor in trust *against every person whomsoever lawfully claiming* or *to claim* the *same* or *any part thereof.*

"This *conveyance,* however, is in trust, subject to the reservations hereinafter stated, and for the uses and purposes and with the powers and authority in the trustee and his successor in trust as hereinafter set forth.

"1. We do hereby reserve unto ourselves for and during our natural lives and the natural life of the survivor of us, the use and enjoyment of all and singular, the property and premises described in *this deed,* together with the rents, fruits and revenues thereof, subject, and limited to the other provisions of this trust.

\* \* \* \* \*

"6. The said *trustee shall have full power* and authority, during our natural lives and upon our written request, *to sell and convey* said property, *or any part thereof,* for such price and upon such terms

as to said trustee may seem best, subject to our approval, but reserving the vendor's lien against the property so sold to secure any and all deferred payments of the purchase price.

"The said *trustee shall have power* and *authority to sell and convey* said property, or any part thereof, *after the death* of *either* of us, upon written request of the survivor, for such price and upon such terms as to him may seem best, subject to the approval of such survivor, but the vendor's lien shall be retained against the property so sold to secure any and all deferred payment of the purchase price. In the event of sale by said trustee, he shall receive and receipt for the proceeds and invest same in approved securities, or approved revenue bearing property and the income, rents, fruits and revenues thereof shall be paid to us during our natural lives, and to the survivor of us during his or her natural life, after deducting the expenses of executing the trust.

"7. On or before five years after the death of the survivor of us, and at such time within such period as shall seem· to said trustee to be for the best interest of the *trust estate* and of the beneficiaries, the said trustee shall *partition* and *divide* the corpus of the *trust estate,* together with any accumulated rents, fruits, and revenues that may be on hand, share and share alike among Florin Profit, Ethel Watkins and Earl Profit Spencer (they being the three children of the said Joseph Profit, and the said Earl Spencer being originally Earl Profit, but having heretofore been adopted by Orra Spencer), and for the purpose of partition and division the said *trustee* shall have full power and authority *to sell* and *convey* any and all of said trust estate, and said accumulations to such purchaser or purchasers and at such times and for such prices as to him may seem best, either for cash or on terms as to him may seem ·best, and to receive and receipt for the proceeds of such sale or sales and to *execute, acknowledge* and *deliver any and all deeds, conveyances,* releases and other instruments in writing, as may seem necessary or proper to accomplish such ends and for the purposes of such partition the said trustee shall also have power and authority to make partition and distribution among the beneficiaries either in real property, bills, notes, bonds or personal property one or all, as to him may seem best or expedient. And in making such partition and distribu-

tion and trustee may, but shall not be required to, consult with the beneficiaries.

"The duration of the trust may be extended for a longer period than five years by the consent of the beneficiaries.

"During said five year period the trustee is authorized and directed to pay over to the beneficiaries of the trust estate their respective portions of the income thereof in proportion to their beneficial ownership, and to make partial partition and distribution of the corpus of said estate in advance of the final settlement and distribution in proportion to such beneficial ownership, at such time or times as in his judgment is required, or is for the best interest of said beneficiaries.

"8. (provides for a successor in event of death of Judge Coombes).

    *      *      *      *      *

"10. This *trust estate* shall *never fail* for the want of a trustee and in the event there shall at any time be a vacancy in the trust by reason of the death or resignation or refusal to act of the original trustee and his successor, or any substitute appointed by the said Joseph Profit, or from any other cause, then any court of competent jurisdiction shall have power and authority and is hereby directed to appoint a trustee, who shall succeed to all the rights, powers and privileges herein conferred upon the original trustee."

(Joint acknowledgment, in form regular, before Notary Public, filed for record Feb. 13, 1935). (Italics· ours.)

■ Do the instruments in question constitute a deed or instrument of conveyance, or do they merely amount to an instrument testamentary in character? After a careful consideration of the contents of said instrument we are of the opinion that it bears on its face unmistakable evidence of being a deed. Some of these obvious characteristics are: (1) It is in the form of a general warranty deed; (2) it recites a cash consideration; (3) it names the grantors and grantees, as well as the beneficiaries; (4) it "grants, sells and conveys" specific property; (5) it contains the habendum clause "to have and to hold"; (6) grantors called the instrument a "conveyance"; (7) it contains a general warranty provision; (8) it was acknowledged before an officer authorized to take such; (9) the power of sale is expressly given to the trustees; (10) it provided that the estate should never fail for want of a trustee.

■ As contradistinguished from a will or instrument testamentary in character (1) it was not witnessed as required in wills; (2) testamentary words such as "give, demise and bequeath", common to wills, were not used; (3) no executor was named, and (4) no provision for supervision or control by the probate court was made.

After the execution and delivery of the instrument it was treated by the grantors as a deed and not as a will, in that it was promptly delivered and duly recorded.

Other phases and provisions of the instrument establish its nature to be that of a deed. As to these the opinion will not go into detail, and it will be remembered that what is said herein as to the instrument dated February 4, 1935, is also true as to the instrument dated February 13, 1935, should they be considered separately.

■ Article 1296, Vernon's Ann. Civil Statutes 1925 provides that "An estate or freehold or inheritance may be made to commence in futuro, by deed or conveyance, in like manner as by will." No other authority is necessary to establish that such an estate may be made to so commence. There are many authorities to that effect and some of them are presently cited.

■■ ⸴ In such cases, the expressed intention of the grantor is controlling and the instrument here involved reserved to the grantors, neither expressly or impliedly, the right to sell the property, nor to revoke the instrument, or the rights conveyed thereby. Such are the common characteristics of a deed and not a will.

■ Hence, after a careful consideration of the instrument involved, we readily reach the conclusion that it is a deed or instrument of conveyance as contradistinguished from a testamentary instrument. The following authorities definitely support and require that construction. Chrisman v. Wyatt, 7 Tex.Civ.App. 40, 26 S.W. 759, writ refused; Jenkins v. Adcock, 5 Tex.Civ.App. 466, 27 S.W. 21; Low v. Low, Tex.Civ.App., 172 S.W. 590, writ refused; Texas Pac. Coal & Oil Co. v. Bruce, Tex.Civ.App., 233 S.W. 535; Turner v. Montgomery, Tex.Com.App., 293 S.W. 815; North v. North, Tex.Civ.App., 2 S.W. 2d 481; Worley v. Empire Gas & Fuel Co., 129 Tex. 532, 103 S.W.2d 368; Davis v. Zeanon, Tex.Civ.App., 111 S.W.2d 772, writ refused.

■ As said in Turner v. Montgomery, supra [293 S.W. 817]: "* * * it is worthy of consideration that, unless the instrument is a deed, it is nothing, for it is not executed according to the simple requirements of the statute for a will, and every presumption is that the persons executing the instrument intended it to have some effect. If the intention were obscure, which it is not, this consideration alone ought to resolve the construction in favor of a valid instrument if that can be done." The instruments being considered did not comply with the requirements of the statute with reference to the form and manner of executing wills.

■ Construing a like instrument, the court said in North v. North, supra [2 S.W.2d 482]: "Similar instruments have been before our courts for construction many times. In the absence of the valid reservation of a right to dispose of the property or to revoke the instrument, or language from which such reservation will be necessarily implied, the courts have with practical unanimity held such instruments deeds and effective to convey a present interest in the property described therein, notwithstanding the full title ·thereto and the right to the possession and enjoyment thereof are postponed to some future date." Citing many authorities.

The above statement of the rule of law is pertinent to the disposition of the questions here presented and was quoted with approval by the Supreme Court (opinion by Judge German) in Worley v. Empire Gas & Fuel Co., supra.

The court construing a like instrument in Texas Pac. Coal & Oil Co. v. Bruce, Tex.Civ.App., 233 S.W. 535, 538, quoting with approval from the Supreme Court of Alabama, in Crocker v. Smith, 94 Ala. 295, 10 So. 258, 16 L.R.A. 576, said: "'The intention of the maker is the ultimate object of inquiry—whether it was intended to be ambulatory and revocable, or to create rights and interests at the time of execution which are irrevocable. If the instrument cannot be revoked, defeated, or impaired by the act of the grantor, it is a deed; but if the estate, title, or interest is dependent on the death of the testator, if in him resides the unqualified power of revocation, it is a will.'"

In the instant case delivery of said instruments was unconditional.

Special attention is called to Low v. Low, supra; Turner v. Montgomery, supra, and

Matthews v. Moses, 21 Tex.Civ.App. 494, 52 S.W. 113. These are leading cases on the proposition under consideration and they analyze the principal authorities relied upon by appellant to establish that the instrument is testamentary. Such analysis discloses that those authorities are not applicable or controlling under the facts of the instant case.

Further, and without going into detail, it is obvious from a reading of the instrument as a whole that it contains no reservations or limitations preventing its being a deed or such instrument of conveyance effective as therein provided.

We sustain the appellees' second counter proposition to the effect that since the land in question was community property Joseph Profit, as the husband of Enola Profit, had the power to convey the same without joinder of his wife; that under such circumstances her mental capacity was, therefore, immaterial and the court did not err in excluding the testimony thereof.

Since the litigants agree that the real estate was exclusively community property of Joseph and Enola Profit, and that the chain of title from the State to Joseph Profit was regular and Joseph Profit executed each of the deeds to Charles E. Coombes, trustee, and no attack is made on Joseph Profit's capacity to execute and deliver the deed, it follows that testimony relative to the wife's mental capacity became immaterial and the court did not err in excluding the same. The rule of law is stated in Art. 4619, Vernon's Ann.Civil Statutes, as follows: "During coverture the common property of the husband and wife may be disposed of by the husband only." In 23 Tex.Jur. 107, the rule is stated thus: "The statute except for a short time—from 1913 to 1925—has always vested the right of control and disposition of the community property in the husband * * * 'during coverture' it 'may be disposed of by the husband only.'" See, also, Miller-Vidor Lumber Co. v. Schreiber, Tex.

Civ.App., 298 S.W. 154; Atkins v. Dodds, Tex.Civ.App., 121 S.W.2d 1010; Speer on Marital Rights in Texas, 3d Ed., § 346.

The instrument under consideration being of the nature indicated, the husband had a right to make the conveyance alone.

In any event, no reversible error is shown by the court's having excluded the testimony of Mrs. Fuqua as to the mental capacity of Enola Profit. The bill of exception taken to that ruling does not show what the testimony of the witness would have been had the court permitted her to testify. Weingarten, Inc., v. Brockman, 134 Tex. 451, 135 S.W.2d 698; Fox v. Houston & T. C. Ry. Co., Tex.Civ.App., 186 S.W. 852; Knight v. Texas & N. O. R. Co., Tex.Civ.App., 26 S.W.2d 672; 3 Tex. Jur. 470, § 331; Art. 2237, R.S.1925, Vernon's Ann.Civ.St. art. 2237.

We are of the opinion that the judgment of the trial court is correct upon the theory that the plaintiffs' cause of action was barred by the four years' statute of limitation. The plaintiffs sued to cancel said deeds or instruments and partition the land. Before they could claim ownership to the land and have the same partitioned to them, as the heirs of Enola Profit, they would be required to have the deeds to Judge Coombes set aside or canceled. Such proceeding would be equitable, under the circumstances of this case, and would be barred in four years. More than four years elapsed between the filing of the deeds to Coombes and the institution of this suit. Hence, plaintiffs' claim was barred under said statute as construed by the following authorities and many others which could be cited: Art. 5529, R.S.1925; Deaton v. Rush, 113 Tex. 176, 252 S.W. 1025; Neill v. Pure Oil Co., Tex.Civ.App., 101 S.W.2d 402, writ refused; Barnhart v. San Antonio Joint Stock Land Bank, Tex. Civ.App., 124 S.W.2d 207; Hughes v. Wright, Tex.Civ.App., 127 S.W.2d 215.

Appellants' assignments are overruled and for the reasons assigned the judgment of the trial court is affirmed.