

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-84,095-01 & 84,095-02

### EX PARTE JOSE LUIS VILLARREAL, Applicant

### ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS
### CAUSE NOS. 656-A-CR & 657-A-CR IN THE 63RD DISTRICT COURT FROM TERRELL COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of delivery of a controlled substance and possession of a controlled substance. He was sentenced to imprisonment for two years and twelve months. He did not appeal his convictions.

Applicant contends, among other things, that his guilty pleas were involuntary because he was not admonished that a guilty plea might result in deportation.

Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Tovar*, 901

S.W.2d 484, 486 (1995). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

Applicant appears to be represented by counsel. If he is not and the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether (1) Applicant was deported because of these convictions and is suffering collateral consequences from these convictions; (2) he was admonished under Article 26.13(a)(4) of the Code of Criminal Procedure that a guilty plea might result in deportation; (3) if not, his guilty pleas were rendered involuntary; and (4) his claim should be barred by the doctrine laches. *See Ex parte Smith*, 444 S.W.3d 661 (Tex. Crim. App. 2014). The trial court shall also give Applicant an opportunity to explain his delay in raising this claim. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall

be obtained from this Court.

Filed: November 18, 2015
Do not publish